# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

Case No. SACV 11-0127 DOC (AJWx)            Date: April 15, 2011

Title: KEVIN FERGUSON, on behalf of himself and others similarly situated, v. CORINTHIAN COLLEGES INC., dba EVEREST COLLEGE, dba EVEREST UNIVERSITY, dba EVEREST COLLEGE OF BUSINESS TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, and HEALD CAPITAL, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS):     ORDER GRANTING MOTION TO CONSOLIDATE AND TO APPOINT CO-LEAD COUNSEL

       Before the Court is Plaintiff Kevin Ferguson ("Plaintiff")'s Motion to Consolidate Related Cases and to Appoint Co-Lead Counsel ("Motion to Consolidate") (Docket 22). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, the Court GRANTS Plaintiff's Motion to Consolidate.

## I.     BACKGROUND

       Plaintiff Kevin Ferguson brings this action on behalf of himself and two classes consisting of persons who enrolled in and/or attended class at one of Defendant Corinthian's academic institutions. Complaint ¶ 1. The "Everest Class" consists of those who attended Everest College, Everest Instituted, Everest University, Everest University Online, or Everest College of Business Technology and Healthcare (collectively, "Everest") from January 24, 2005 to present, and the "Heald Class" consists of those who attended Heald College, LLC ("Heald") from January 24, 2009 to present. *Id*.

On August 4, 2010, the United States Government Accountability Office ("GAO") issued a report regarding the deceptive and fraudulent practices used by Corinthian, and other for-profit colleges, to recruit students. *Id*. at ¶ 2. According to the report, Corinthian induced students to attend its institutions and to apply for federal loans, knowing full-well that the students would be ill-equipped to repay them. *Id*. The GOA's undercover investigation allegedly revealed that Corinthian misrepresented its graduation rate, its post-graduation employment rate, and the cost and length of the program. *Id*. Corinthian allegedly engaged in this conduct in order to "maximize its profits at the expense of students' education and post-employment prospects." *Id*.

Plaintiff alleges that students enroll in Corinthian institutions believing that they are receiving "a quality education at an affordable price," when, in fact, they pay "some of the highest tuition rates in the country" and graduate with a degree that "never qualifies nor prepares them for any job placement other than low-wage, low-skill employment." *Id*. at ¶ 3. Plaintiff further alleges that Corinthian's misrepresentations result in irreparable harm to students of Everest and Heald "because federal-subsidized loans are not dischargeable in bankruptcy." *Id*. at ¶ 4.

The Department of Education and Higher Learning Commission ("HLC") have also recently uncovered Corinthian's alleged wrongdoing, issuing reports similar to the GOA's report. *Id*. at ¶ 9. HLC placed Everest on probation, making it likely that Everest will lose its accreditation. *Id*. at ¶ 10. If this happens, Plaintiff avers that a degree from Everest will be essentially worthless and its graduates will face even greater obstacles in securing employment and repaying their loans. *Id*.

In light of this alleged wrongdoing, Plaintiff filed the instant Complaint against Defendants Corinthian Colleges, Inc., ("Corinthian"), Everest, Heald College, LLC, and Heald Capital, LLC, (collectively, "Defendants") on January 24, 2011, claiming: (1) breach of implied contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of Cal. Bus. & Prof. Code s 17200; (4) violation of Cal. Bus. & Prof. Code s 17500; (5) violation of the Consumer Legal Remedies Act; (6) negligent misrepresentation; and (6) fraud. Plaintiff seeks restitution, punitive damages, disgorgement of profits, and a permanent injunction. On February 22, 2011, Defendants filed a Motion to Transfer seeking to transfer the action to the Souther District of Florida. The Court subsequently denied the Motion to Transfer.

On March 21, 2011, Plaintiff filed the instant motion asking the Court to consolidate his case, Ferguson v. Corinthian Colleges, Inc., 11-0127 DOC (AJWx) ("*Ferguson*I"), with the allegedly related case *Muniz v. Corinthian Colleges, Inc.*, 11-0259 (AJWx) ("*Muniz*").

//

## II.   DISCUSSION

Plaintiff asks the Court to consolidate the *Ferguson* and *Muniz* actions and also to appoint

the attorneys for the actions as co-lead counsel.  Federal Rule of Civil Procedure 42(a) allows consolidation of "actions involving a common question of law or fact."  Fed. R. Civ. P. 42(a).  "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.,* 829 F.2d 1484, 1487 (9th Cir.1987).  In determining whether to consolidate, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003).

The *Ferguson* and *Munez* actions involve a number of common questions of law and fact.  The involved parties are nearly identical in that both name Corinthian and its subsidiaries as defendants and the class definitions in the actions are nearly identical as well.  *See Ferguson* Complaint ¶¶ 29-35, 44; *Munez* Complaint (Docket 1) ¶¶ 13-20.  Moreover, the two cases share numerous common issues that the parties seek to resolve, including: (1) whether Defendants misrepresented material information about their academic institutions; (2) whether Defendants misrepresented material information about federal student loan eligibility and requirements; (3) whether Defendants improperly and illegal provided incentive-based compensation to their enrollment advisers; (4) whether Defendants engaged in unfair and/or unlawful business practices; and (5) whether the Defendants breached the covenant of good faith and fair dealing implied in their student enrollment contracts.  *See Ferguson* Complaint ¶ 47; *Munez* Complaint ¶ 23.  Defendants oppose consolidation on the grounds that it would be inefficient and inconvenient because they plan on filing a motion to compel arbitration for both cases.  Defendants, however, fail to explain how consolidation would in any way affect their ability to file the motion.  Therefore, due to the similarity of the two cases, the factors weigh in favor of consolidation in the interest of judicial and party convenience.

Accordingly, the Plaintiff's Motion to Consolidate is GRANTED.

### III. DISPOSITION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Consolidate and to Appoint Co-Lead Counsel.

The Clerk shall serve this minute order on all parties to the action.