## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

O

Case No. SACV 11-0127 DOC (AJWx)                              Date: April 15, 2011

Title: KEVIN FERGUSON, on behalf of himself and others similarly situated, v. CORINTHIAN COLLEGES INC., dba EVEREST COLLEGE, dba EVEREST UNIVERSITY, dba EVEREST COLLEGE OF BUSINESS TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, and HEALD CAPITAL, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                        Not Present
   Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

    NONE PRESENT                                  NONE PRESENT

PROCEEDING (IN CHAMBERS):     ORDER DENYING MOTION TO TRANSFER

       Before the Court is Defendants Corinthian Colleges, Inc., ("Corinthian"), Heald College, LLC, and Heald Capital, LLC, (collectively, "Defendants")'s Motion to Transfer Venue Pursuant to 28 U.S.C. s 1404(a) ("Motion to Transfer") (Docket 10). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, the Court DENIES Defendants' Motion to Transfer.

    **I.**     **BACKGROUND**

       Plaintiff Kevin Ferguson ("Plaintiff") brings this action on behalf of himself and two classes consisting of persons who enrolled in and/or attended class at one of Defendant Corinthian's academic institutions. Complaint ¶ 1. The "Everest Class" consists of those who attended Everest College, Everest Instituted, Everest University, Everest University Online, or Everest College of Business Technology and Healthcare (collectively, "Everest") from January 24, 2005 to present, and the "Heald Class" consists of those who attended Heald College, LLC ("Heald") from January 24, 2009 to present. *Id*.

On August 4, 2010, the United States Government Accountability Office ("GAO") issued a report regarding the deceptive and fraudulent practices used by Corinthian, and other for-profit colleges, to recruit students. *Id.* at ¶ 2. According to the report, Corinthian induced students to attend its institutions and to apply for federal loans, knowing full-well that the students would be ill-equipped to repay them. *Id*. The GOA's undercover investigation allegedly revealed that Corinthian misrepresented its graduation rate, its post-graduation employment rate, and the cost and length of the program. *Id*. Corinthian allegedly engaged in this conduct in order to "maximize its profits at the expense of students' education and post-employment prospects." *Id*.

Plaintiff alleges that students enroll in Corinthian institutions believing that they are receiving "a quality education at an affordable price," when, in fact, they pay "some of the highest tuition rates in the country" and graduate with a degree that "never qualifies nor prepares them for any job placement other than low-wage, low-skill employment." *Id*. at ¶ 3. Plaintiff further alleges that Corinthian's misrepresentations result in irreparable harm to students of Everest and Heald "because federal-subsidized loans are not dischargeable in bankruptcy." *Id*. at 4.

The Department of Education and Higher Learning Commission ("HLC") have also recently uncovered Corinthian's alleged wrongdoing, issuing reports similar to the GOA's report. *Id*. at ¶ 9. HLC placed Everest on probation, making it likely that Everest will lose its accreditation. *Id*. at ¶ 10. If this happens, Plaintiff avers that a degree from Everest will be essentially worthless and its graduates will face even greater obstacles in securing employment and repaying their loans. *Id*.

In light of this alleged wrongdoing, Plaintiff filed the instant Complaint on January 24, 2011, claiming: (1) breach of implied contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of Cal. Bus. & Prof. Code s 17200; (4) violation of Cal. Bus. & Prof. Code s 17500; (5) violation of the Consumer Legal Remedies Act; (6) negligent misrepresentation; and (6) fraud. Plaintiff seeks restitution, punitive damages, disgorgement of profits, and a permanent injunction.

On February 22, 2011, Defendants filed the instant motion seeking to transfer the action to the Souther District of Florida.

## II.   LEGAL STANDARD

There are two grounds on which a case may be transferred to another district: (1) if venue is improper, the Court may dismiss or transfer pursuant to 28 U.S.C. § 1406, and (2) if venue is proper, the Court may transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where the case "could have been brought."  28 U.S.C. § 1404(a). In determining whether to grant a "convenience transfer," the Court must consider three factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether transfer will serve the interests of justice. *Id*. This analysis involves private factors that include practical considerations that "make the trial of a case

easy, expeditious and inexpensive." *Decker Coal Co. v Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). Additionally, courts consider public factors such as the community and jury pool's interest in localized controversies. *Id.* Unless the balance of the factors is "strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).

### III. DISCUSSION

Defendants do not assert that venue here is improper. Rather, Defendants ask the Court to transfer the instant action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) on the grounds that: (a) it is the allegedly the proper forum to adjudicate this action; (b) it is more convenient for the parties and witnesses; and (c) interests of justice favor transfer. As stated above, pursuant to 1404(a), a court "may transfer any civil action to any other district . . . where it might have been brought" for the "convenience of parties and witnesses . . . ." 28 U.S.C. § 1404(a). In determining whether to grant a "convenience transfer," the Court must consider three factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether transfer will serve the interests of justice. *Id.*

#### A. Convenience of the Parties

Defendants argue that the Southern District of Florida is a far more convenient forum for the parties because: (1) Plaintiff is a resident of Florida; and (2) the school that Plaintiff attended, and that is therefore "subject to Plaintiff's claims," is located in that district. First, Plaintiff is indeed a resident of Florida. *See* Complaint ¶ 28. Because Plaintiff is a resident of Florida, it may be true that it would be less burdensome and less expensive for him to litigate the instant action in his home state rather than litigate in a district located across the entire country. However, Plaintiff, despite his Florida residency, *chose* to initiate the instant action in the Central District of California (this "District") and a plaintiff's choice of forum is "afforded great deference" when determining the convenience of the parties. *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (stating that "[g]enerally, the plaintiff's choice of forum in determining the convenience of the parties is afforded great deference."). Additionally, considering inconvenience and expense as a factor, Plaintiff contends that he can conveniently litigate the action in this District because his counsel's main office is located in Southern California.

Finally, Defendants argue that the Southern District of Florida is a far more convenient forum for the parties because the school that Plaintiff attended, and the one therefore "subject to Plaintiff's claims," is located in that district. The Court does not agree with the Defendants' argument because the Defendants fail to recognize the core allegations asserted by the Plaintiff in his Complaint. The gravamen of the Plaintiff's Complaint is comprised of allegations not just against the particular school he attended in Florida, but against Defendants *as a whole* for the alleged systematic practice of deceptive marketing, intentional misrepresentations, and improper inducement of its students. *See*

Complaint ¶¶ 3-9.  Defendants are headquartered in the Central District of California – more specifically, Santa Ana, California – and, as the Plaintiff asserts, the documents and records relating to the Defendants' alleged illegal practices are likely located there.  *See* Plaintiff's Opposition ("Opposition") (Docket 23) at 12.  Moreover, Defendants have defended at least 29 cases since 2004 in this District – not including five related cases currently pending[1].  *See* Opposition, Declaration of Francies A. Bottini ("Bottini Decl.") at ¶¶ 18-23.  Thus, it appears that Defendants themselves would likely experience less burdensome, less expensive, and therefore more convenient litigation in the Central District of California.

Accordingly, the convenience of the parties factor ways in favor of denying the transfer to the Southern District of Florida.

### B. Convenience of the Witnesses

Defendants next argue that the convenience of the witnesses weighs strongly in favor of transfer.  "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (internal citation omitted).  In analyzing the convenience of the witnesses, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony. The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Metz*, 674 F. Supp. 2d at 1147 (quoting *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, *3 (C.D. Cal. Feb. 27, 2006)).  Moreover, "[c]onvenience of employees is less important than the convenience of non-party witnesses." *Id*.

Defendant points out that all of the Kendall campus witnesses are located Florida and would be greatly inconvenienced by traveling to California for litigation of the instant action.  Defendants, however, misrepresent the core allegations of Plaintiff's claims.  Plaintiff's claims are based on allegations that the Defendants conduct a nation-wide, systematic practice of illegal activity involving financial aid and intentional misrepresentations.  Defendants' small subset of Florida employees are "party" witnesses and thus are accorded less weight in terms of factoring inconvenience since they can be compelled to testify in this District despite their location.  *See Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009) (stating "[t]he court accords less weight to the inconvenience of *party* witnesses . . . as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated.") (emphasis in original).  Instead, more weight is given to the fact that Plaintiff's Complaint identifies eight executive witnesses who allegedly designed and implemented the uniform unfair recruiting practices from the Defendants' headquarters in Santa Ana, California.  Six of these eight key witnesses maintain residences within this District in Orange County.  Bottini Decl. ¶ 9.  Moreover, a number of the witnesses whose statements

---

[1] There is currently a pending Motion to Consolidate regarding the instant action and the related cased *Muniz v. Corinthian Colleges, Inc.*, 11-0259 DOC (AJWx).

appear in Plaintiff's Complaint reside in California. *Id*. at ¶ 10. Thus, the more convenient forum for the witnesses of this action appears to be this District – not the Southern District of Florida.

Accordingly, the convenience of the witnesses factor ways in favor of denying the transfer to the Southern District of Florida.

### C. Interests of Justice

In analyzing the "interests of justice" factor in determining a "convenience transfer" under 1404(a), a number of additional factors are relevant, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiffs choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Metz*, 674 F. Supp. 2d at 1145; *see Stewart Org. V. Ricoh Corp.*, 487 U.S. 22, 28 (1988).

The "interests of justice" factor weighs in favor of litigating the instant action in the Central District of California. First, three of Plaintiff's seven claims for relief against Defendants are based on California law: (a) violation of Cal. Bus. & Prof. Code § 17200; (b) violation of Cal. Bus. & Prof. Code § 17200; and (c) violation of the Consumer Legal Remedies Act. *See* Complaint. These claims are all alleged violations of California consumer protection statutes that allegedly took place at the Defendants headquarters in this Santa Ana, California. *See* Opposition at 11. Second, Plaintiff chose the Central District of California because that is where a number of key witnesses are located, Defendants are headquartered in this District, and Defendants conduct a substantial portion of their business within California. Next, although Plaintiff's contacts with California appear to be limited to those relating the instant action, Defendants have significant contacts with California. Out of 125 of Defendants' total campuses, 25 are located in California; 12 of which are located in this District. Bottini Decl. ¶ 8. Finally, as previously established, it would be more convenient for both parties and witnesses to litigate the instant action in the Central District of California.

Accordingly, the interest of justice factor weighs in favor of denying the transfer to the Southern District of Florida.

### IV. DISPOSITION

For the foregoing reasons, the Court hereby DENIES Defendants' Motion to Transfer.

The Clerk shall serve this minute order on all parties to the action.