FELICIA YU (SBN 193316)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 457-8015
Facsimile: (213) 457-8080
E-mail: fyu@reedsmith.com

KEVIN P. JACOBS (*pro hac vice*)
HERRON JACOBS ORTIZ
1401 Brickell Avenue, Suite 840
Miami, Florida 33131
Telephone: (305) 779-8108
Facsimile: (305) 779-8104
E-mail: kjacobs@hjo-law.com

PETER W. HOMER (*pro hac vice*)
HOMER BONNER, P.A.
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5139
Facsimile: (305) 372-1443
E-mail: phomer@homerbonner.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERGUSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORINTHIAN COLLEGES, INC., CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST UNIVERSITY, CORINTHIAN COLLEGES, INC., d/b/a EVEREST INSTITUTE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE OF BUSINESS, TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, LLC, and HEALD CAPITAL, LLC,<br><br>Defendants. | Case No. SACV 11-00127 DOC (AJWx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**<br><br>Date:      June 27, 2011<br>Time:      8:30 a.m.<br>Courtroom: 9-D, Santa Ana<br><br>**The Honorable David O. Carter** |

# **TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. Binding Arbitration Agreement | 2 |
| | B. Plaintiff's Allegations | 4 |
| III. | ARGUMENT | 6 |
| | A. Valid Arbitration Agreement Exists Between The Parties And Plaintiff Bears The Burden Of Demonstrating Its Inapplicability | 6 |
| | B. The Federal Arbitration Act Applies To This Controversy And Mandates Adjudication Of Plaintiff's Purported Claims In Arbitration | 6 |
| | C. The FAA Requires Arbitration Of Plaintiff's Claims On An Individual Basis | 8 |
| | D. This Action And All Proceedings Should Be Dismissed Or Stayed Pending Arbitration | 10 |
| IV. | CONCLUSION | 10 |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION

# TABLE OF AUTHORITIES

Page(s)

**Cases**

AT&T Mobility, LLC v. Concepción,
  563 U.S. __ (April 27, 2011) ............................................................................. 1, 7, 9

Balen v. Holland Am. Line, Inc.,
  583 F.3d 647 (9th Cir. 2009) ................................................................................. 7

Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.,
  622 F.3d 996 (9th Cir. 2010) ................................................................................. 6

Buckeye Check Cashing, Inc. v. Cardegna,
  546 U.S. 440 (2006) ............................................................................................... 1

Citizens Bank v. Alafabco, Inc.,
  539 U.S. 52 (2003) ................................................................................................. 6

Dean Witter Reynolds, Inc. v. Byrd,
  470 U.S. 213 (1985) ............................................................................................... 7

Discover Bank v. Superior Court,
  36 Cal. 4th 148, 113 P. 3d 1100 (2005) ................................................................ 1

Lozano v. AT&T Wireless Services, Inc.,
  504 F.3d 718 (9th Cir. 2007) ................................................................................. 6

McManus v. CIBC World Markets Corp.,
  109 Cal. App. 4th 76 (2003) .................................................................................. 7

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1 (1983) ......................................................................................... 6, 7, 10

Preston v. Ferrer,
  552 U.S. 346 (2008) ............................................................................................... 1

Southland Corp. v. Keating,
  465 U.S. 1 (1984) ................................................................................................ 1, 7

Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.,
  559 U.S. ___, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (Apr. 27, 2010) ................... 1, 9

United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,
  363 U.S. 574 (1960) ............................................................................................... 8

Zarandi v. Alliance Data Systems Corp.,
  No. CV 10-8309 DSF (JCGx), 2011 WL 1827228 (C.D. Cal. May 9, 2011) ....... 9

**Statutes**

9 U.S.C. § 1 ............................................................................................................ 1, 7
9 U.S.C. § 2 ............................................................................................................ 6, 7
9 U.S.C. § 3 .......................................................................................................... 7, 10
9 U.S.C. § 4 ............................................................................................................... 7

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO NOTICE OF MOTION AND MOTION
TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION

## I. INTRODUCTION

Defendants Corinthian Colleges, Inc.; Corinthian Colleges, Inc., d/b/a Everest College; Corinthian Colleges, Inc., d/b/a Everest University; Corinthian Colleges, Inc., d/b/a Everest Institute; Corinthian Colleges, Inc., d/b/a Everest College of Business, Technology and Health Care; Heald College, LLC; and Heald Capital, LLC (collectively, "the School") seek an order requiring Plaintiff Kevin Ferguson to do what he agreed to do when he enrolled in the School: submit his individual claims to binding arbitration before the American Arbitration Association ("AAA").

The United States Supreme Court simplified the analysis last week by issuing its decision in *AT&T Mobility, LLC v. Concepción*, 563 U.S. ___, 131 S. Ct. 1740 (April 27, 2011), which overruled *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 113 P. 3d 1100 (2005), and held that state law could not be used to invalidate a class action waiver.[1] The *Concepción* decision continues the line of Supreme Court decisions enforcing arbitration agreements and disfavoring class arbitration. *See Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. ___, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (Apr. 27, 2010); *Preston v. Ferrer*, 552 U.S. 346 (2008); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006); *Southland Corp. v. Keating*, 465 U.S. 1 (1984). These opinions further the purposes of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and make it easier for trial courts to order a party's claims to individual arbitration where—as here—the parties agreed to that mode of resolution.

Plaintiff in this case not only agreed to arbitrate his disputes with the School, but specifically agreed not to combine any such dispute with those of other students.

---

[1] While *Concepción* simplifies the analysis, the outcome would have been the same had *Discover Bank* applied, in part, because Plaintiff's claims are not the low dollar value claims that *Discover Bank*'s now invalidated rule aimed for. *See Discover Bank*, 36 Cal. 4th at 162-63. Neither would it have been necessary to include an express waiver of class arbitration, as the Supreme Court has made clear that there must be a contractual basis for finding that the parties assented to class arbitration. *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. ___, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (Apr. 27, 2010). Even without the express waiver, there is no manifestation of assent to class arbitration in this arbitration provision.

1  The FAA requires that this agreement be enforced according to its terms and that
2  Plaintiff be required to individually arbitrate his purported claims with the School
3  before the AAA. The case should be dismissed or, alternatively, stayed pending the
4  outcome of that arbitration. We elaborate below.

## II. STATEMENT OF FACTS

### A. Binding Arbitration Agreement

On June 4, 2009, Plaintiff executed an enrollment agreement ("Enrollment Agreement") with the School. *See* Ferguson Enrollment Agreement, attached to the Declaration of Darrell Rhoten ("Rhoten Decl.") (D.E. 12) as Ex. A. Plaintiff's Enrollment Agreement contains an unambiguous and mandatory arbitration agreement, whereby Plaintiff agreed to arbitrate any dispute with the School:

> By my signature, I acknowledge that I understand that both I and The School are irrevocably waiving rights to a trial by jury, and are selecting instead to submit any and all claims to the decision of an arbitrator instead of a court. I understand that the award of the arbitrator will be binding, and not merely advisory. I also acknowledge that I may at any time, before or after my admission, obtain a copy of the Rules of the American Arbitration Association, at no cost, from The School President.

*Id.* at 3.

On the same date he executed his Enrollment Agreement, Plaintiff also executed an additional and separate document entitled "Enrollment Agreement Addendum & Disclosure" (the "Enrollment Addendum"). *See* Ex. B to Rhoten Decl., (Ferguson Enrollment Addendum). By executing his Enrollment Addendum, Plaintiff agreed "that any dispute arising from my enrollment, no matter how described, pleaded, or styled, <u>shall</u> be resolved by binding arbitration under the Federal Arbitration Act conducted by the American Arbitration Association ("AAA") under its Consumer Rules." *Id.* at 4 (emphasis added).

The Enrollment Addendum also details the "Terms of Arbitration" between Plaintiff and the School, which mandate:

- "Both [Plaintiff] and the School irrevocably agree that any dispute between us shall be submitted to Arbitration."
- "Neither [Plaintiff] nor the School shall file or maintain any lawsuit in any court against the other, and agree that any suit filed in violation of this Agreement shall be dismissed by the court in favor of an arbitration conducted pursuant to this Agreement. Both [Plaintiff] and the School agree that filing a court action will cause damage to the other party. [Plaintiff and the School] agree that an appropriate measure of this damage includes the costs and attorney's fees actually incurred in compelling arbitration. Such damages shall be paid by the party who has filed an action in court within 30 days of the court's order compelling arbitration."
- "The costs of the arbitration filing fee, arbitrator's compensation and facilities fees will be paid by the School, to the extent that these fees are greater than the applicable Court filing fee. The School shall not be solely responsible for arbitration costs beyond those for an individual student's claim."
- "[Plaintiff agree[s]] not to combine or consolidate any Claims with those of other students, such as in a class or mass action. *[Plaintiff] may opt out of the this no-consolidation provision by delivering a written statement to that effect received by the School within 30 days of [Plaintiff's] first execution of an Enrollment Agreement with the School.*"
- "Any remedy available from a court under the law shall be available in the arbitration."
- "Nothing in this Agreement prohibits [Plaintiff] from filing a complaint with the state regulatory agency."

*Id.* at 5 (emphasis in original).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION

The Enrollment Addendum also explains the "Procedure for Filing an Arbitration" between Plaintiff and the School:

- "[Plaintiff is] strongly encouraged, but not required, to utilize the Grievance Procedure described in the Catalog, prior to filing an Arbitration."
- "If [Plaintiff] desire[s] to file an Arbitration, [Plaintiff] should first contact the School's President, who will provide [Plaintiff] with a copy of the AAA Consumer Rules. If [Plaintiff] desire[s] to file an Arbitration, [Plaintiff] should then contact the AAA which will provide the appropriate forms and detailed instructions. [Plaintiff] should bring this document to AAA."
- "[Plaintiff] may, but need not be, represented by an attorney at the arbitration."

*Id.* at 5.

Plaintiff agreed with each provision by separately initialing the provisions of the Enrollment Addendum. And, by executing the Enrollment Addendum, Plaintiff <u>again</u> acknowledged his agreement to arbitrate and again waived his right to a jury trial in favor of binding arbitration. *Id.* at 5.

### B. Plaintiff's Allegations

Plaintiff filed his lawsuit alleging a dispute arising exclusively from his enrollment with the School. According to Plaintiff's Complaint, the School allegedly engaged in the following wrongful conduct (all of which the School expressly denies):

a) "Hiding required disclosure information from prospective students on its websites, and requiring prospective students to enroll before gaining access to this information, in violation of Title IV of the Higher Education Act of 1965 [ ] and the California Private Postsecondary Education Act of 2009" (Docket No. 1 ("Compl.") ¶ 4);

b) "Misrepresenting [the School's] accreditations and the value of these accreditations" (*Id.*);

c) "Misrepresenting the ability to transfer credits from [the School] to another academic institution" (*Id.*);

d) "Misrepresenting the true cost of attendance at its universities" (*Id.*);

e) "Misrepresenting [the School's] ability to qualify its graduates for certain professional certificates and licenses" (*Id.*);

f) "Misrepresenting the services offered by [the School's] Career Placement office" (*Id.*);

g) "Misrepresenting students' post-graduation employability and earning potential" (*Id.*);

h) "Misrepresenting [the School's] job placement rate and career placement services" (*Id.*);

i) "Misrepresenting the quality of academic instruction, including the experience and qualifications of the instructors, the types of 'hands on' training offered, and the sufficiency of its academic resources" (*Id.*); and

j) "Misrepresenting numerous facts about the federal financial aid process to students, including students' eligibility for federal grant and loan programs, students' obligation to begin repayment immediately upon enrollment, and the fact that student loans are not dischargeable in bankruptcy" (*Id.*).

Plaintiff claims that these alleged misrepresentations and acts supposedly created a false perception at the time of enrollment that the students "will receive a quality education at an affordable price, and that they will graduate with a degree that qualifies and prepares them for high paying employment in their chosen profession." *Id.* ¶ 6. Plaintiff alleges that he (and other students) relied on these purported misrepresentations "when deciding to enroll at [the School]" (*Id.* ¶ 5; *see also id.* ¶

20), and he further claims that "had the prospective students known the truth about [the School] before enrolling, it would have affected their decision regarding whether to enroll in the first place." *Id.* ¶ 6. Plaintiff also alleges that the School makes these misrepresentations to enroll as many students as possible. *Id.* ¶¶ 8, 9.

Based on these allegations, Plaintiff purports to assert seven counts against the School: Count I for breach of implied contract; Count II for breach of the implied covenant of good faith and fair dealing; Counts III and IV for supposed violations of §§ 17200 and 17500, respectively, of the California Business & Professions Code; Count V for supposed violations of California's Consumer Legal Remedies Act; Count VI for negligent misrepresentation; and Count VII for fraud. Plaintiff seeks class certification for his claims. As remedies, Plaintiff seeks declaratory and injunctive relief, as well as restitution, disgorgement, punitive damages, attorney's fees and costs.

### III. ARGUMENT

#### A. Valid Arbitration Agreement Exists Between The Parties And Plaintiff Bears The Burden Of Demonstrating Its Inapplicability

The party moving to compel arbitration bears the burden of proving the existence of a valid arbitration agreement, and the party opposing arbitration bears the burden of proving any fact necessary to its defense. *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010).

#### B. The Federal Arbitration Act Applies To This Controversy And Mandates Adjudication Of Plaintiff's Purported Claims In Arbitration

The FAA controls. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 55-58 (2003); 9 U.S.C. § 2. The United States Supreme Court interprets the FAA as creating a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Lozano v. AT&T Wireless*

*Services, Inc.*, 504 F.3d 718, 725 (9th Cir. 2007) (recognizing that "[t]he FAA sets forth a liberal federal policy favoring arbitration and reverses years of hostility by the courts towards arbitration agreements"). Indeed, the Supreme Court recently emphasized its continued adherence to the underlying principles of the FAA as the foundation for its holdings "that parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit *with whom* a party will arbitrate its disputes." *Concepción*, 563 U.S. ___, (slip op., at 10) (internal citations omitted).

The FAA establishes a national policy favoring arbitration where, as here, the parties contract for that mode of dispute resolution. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); 9 U.S.C. §§ 1 *et seq.* Specifically, the FAA provides that a contract containing an arbitration clause shall be enforced unless revocable for reasons applicable to any contract, which do <u>not</u> include "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepción*, 563 U.S. ___, (slip op., at 5); 9 U.S.C. § 2; *McManus v. CIBC World Markets Corp.*, 109 Cal. App. 4th 76, 85-86 (2003). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds*, 470 U.S. at 218 (emphasis in original) (citing 9 U.S.C. §§ 3, 4 ). Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25; *see also Balen v. Holland Am. Line, Inc.*, 583 F.3d 647, 652 (9th Cir. 2009).

Through the arbitration provisions contained in the Enrollment Agreement and Enrollment Addendum executed by Plaintiff and the School, the parties clearly contracted for that mode of dispute resolution. Furthermore, the claims now asserted

by Plaintiff fall squarely within the ambit of the arbitration agreement, which covers "any dispute arising from my enrollment . . . ." Ex. B to Rhoten Decl. at 4. Indeed, Plaintiff's central theory is that his enrollment and the contracts evidencing such enrollment were supposedly made in purported violation of California law. Each claim arises from Plaintiff's enrollment in the School. If there were any ambiguity on the point (and there is none), the Court is nevertheless bound to order arbitration absent "positive assurance" that the arbitration agreement does not cover a given dispute: "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). There is no support for any assertion that the instant claims do not fall within the arbitration agreement's ambit—much less any "positive assurance."

Plaintiff's claims must therefore be compelled to arbitration pursuant to the FAA and the binding provisions of the agreements.

### C. The FAA Requires Arbitration Of Plaintiff's Claims On An Individual Basis

While counsel for Plaintiff refused to disclose the basis on which Plaintiff would oppose this motion, the School anticipates that Plaintiff will argue that his claims, if compelled to arbitration, should be maintained as a putative class action in the arbitration because the instant case was filed as a putative class action. The Court should deny any such request and order arbitration on an individual basis. Plaintiff expressly and unambiguously agreed in executing his Enrollment Addendum *not* to bring any claims against the School as part of a class action: **"I agree not to combine or consolidate any Claims with those of other students, such as in a class or mass action."** Ex. B to Rhoten Decl., at 5. The maintenance of any class or mass action—whether in this Court or in arbitration—would violate this explicit provision of the arbitration agreement. Such an outcome would also contradict binding precedent

holding that nonconsensual class arbitration is inconsistent with the FAA.

The United States Supreme Court's recent decision in *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. ___, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (Apr. 27, 2010), settled a long debate over whether parties to an arbitration agreement could be forced to arbitrate on a class basis where the agreement was "silent" on the issue. The Court held: "a party <u>may not</u> be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen,* 130 S. Ct. at 1758; 176 L. Ed. 2d at 624 (underlining added, italics in the original). Under *Stolt-Nielsen*, neither silence on the issue of class treatment nor the lack of an express class action waiver in an arbitration agreement may be interpreted as an agreement to permit class arbitration. *See id.*

Here there is a class action waiver, which moves the analysis past *Stolt-Nielsen* and to the Supreme Court's holding in *Concepción*. *Concepción* reiterated that "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." 563 U.S. ___ (slip op., at 4-5) (internal citations omitted). Faced with an arbitration agreement containing a class action waiver, the Court again underscored its disfavor of class arbitration: "Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration." *Id.* (slip op., at 9). The Court went on to uphold a class action waiver even though California's unconscionability doctrine and public policy doctrine had operated to strike the waiver as unenforceable. *Concepción* made clear "that class arbitration, to the extent it is manufactured by [state law] rather than consensual, is inconsistent with the FAA." *Id.* (slip op., at 13); *see also Zarandi v. Alliance Data Systems Corp.*, No. CV 10-8309 DSF (JCGx), 2011 WL 1827228 at *2 (C.D. Cal. May 9, 2011) (rejecting plaintiff's argument that an arbitration agreement was unconscionable under state law due to its class action waiver as "no longer viable after *Concepción*).

Here the arbitration agreement requires that Plaintiff's purported claims be

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION

compelled to individual arbitration between Plaintiff and the School. Accordingly, the School respectfully requests that the Court explicitly order arbitration on an individual basis, rather than a class basis, per the terms of the governing arbitration agreement and binding Supreme Court precedent.

### D. This Action And All Proceedings Should Be Dismissed Or Stayed Pending Arbitration

In addition to moving to compel arbitration, the School also moves for a dismissal or stay of the instant proceedings pending completion of the arbitration of this matter. The FAA provides that once the Court is satisfied that the matter is referable to arbitration, the Court "shall on application of one of the parties, stay the trial of the action." 9 U.S.C. § 3. The Court has the discretion to order dismissal without prejudice in lieu of a stay. *See Moses H. Cone*, 460 U.S. at 26-28 (finding no substantive distinction between a stay and a dismissal without prejudice). In any event, a stay or dismissal is mandatory. *Id.* at 26.

Plaintiff's claims are subject to binding arbitration. Under these circumstances, and pursuant to Federal law, further proceedings in this litigation must be dismissed without prejudice or stayed, pending the arbitration of this matter on an individual basis.

## IV. CONCLUSION

For the foregoing reasons, the School respectfully requests an order (1) compelling Plaintiff to submit his claims to individual arbitration before the AAA and (2) dismissing or staying all proceedings pending arbitration.

Respectfully submitted,

DATED: May 17, 2011            REED SMITH LLP

By  */s/ Felicia Yu*
    **Felicia Yu**
    Attorneys for Defendants

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California, 90071-1514. On May 17, 2011, I served the following document(s) by the method indicated below:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION**

☒ **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

☐ **BY FACSIMILE:** by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ **BY PERSONAL DELIVERY:** by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY OVERNIGHT MAIL:** by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ **BY EMAIL:** by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Johnson Bottini, LLP<br>Francis A. Bottini, Jr., Esq.<br>Shawn E. Fields, Esq.<br>501 West Broadway, Suite 1720<br>San Diego, California 92101<br>Telephone: 619.230.0063<br>Facsimile: 619.238.0622<br>Email: frankb@johnsonbottini.com | Attorneys for Plaintiff<br>*Kevin Ferguson* |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 17, 2011, at Los Angeles, California.

*/s/ Griselda Munoz*
GRISELDA MUNOZ