FELICIA YU (SBN 193316)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 457-8015
Facsimile:   (213) 457-8080
E-mail:  fyu@reedsmith.com

KEVIN P. JACOBS (*pro hac vice*)
HERRON JACOBS ORTIZ
1401 Brickell Avenue, Suite 840
Miami, Florida  33131
Telephone:  (305) 779-8108
Facsimile:   (305) 779-8104
E-mail:  kjacobs@hjo-law.com

PETER W. HOMER (*pro hac vice*)
HOMER BONNER, P.A.
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 350-5139
Facsimile:   (305) 372-1443
E-mail:  phomer@homerbonner.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERGUSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORINTHIAN COLLEGES, INC., et al.,<br><br>Defendants. | Case No. SACV 11-00127 DOC (AJWx) |
| SANDRA L. MUÑIZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORINTHIAN COLLEGES, INC., et al.,<br><br>Defendants. | Case No. SACV 11-00259 DOC (AJWx)<br><br>**CONSOLIDATED OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO STRIKE PORTION OF DEFENDANTS' REPLY OR FOR LEAVE TO FILE SUR-REPLY**<br><br>Date:      June 27, 2011<br>Time:     8:30 a.m.<br>Courtroom:  9-D, Santa Ana<br><br>**The Honorable David O. Carter** |

– 1 –    US_ACTIVE-106579543.2 6/23/11 12:08 PM

DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO STRIKE PORTION OF DEFENDANTS' REPLY OR FOR LEAVE TO FILE SUR-REPLY

## I. INTRODUCTION

By their *Ex Parte* Application, Plaintiffs Sandra Muniz and Kevin Ferguson want to artificially circumscribe the broad and unambiguous Arbitration Agreements that they admittedly signed by precluding consideration of any language other than what Plaintiffs cherry-picked from the Agreements. Plaintiffs' arguments do not support the extraordinary relief sought.

The School did what it was supposed to do. It attached the Arbitration Agreements to its motions to compel arbitration (the "Motions") and based its reply brief ("Replies") on those Agreements, responding to the arguments raised in opposition to the Motion.

But Plaintiffs now argue that the Court should strike portions of the School's Reply or allow Plaintiffs to file a sur-reply—mainly because the School, in its initial motion, did not anticipate an FAA-defying, narrow construction of the Arbitration Agreements. Plaintiffs point to no new evidence or legal theories the School incorporated in its Reply that should be stricken. Instead, the Replies directly rebutted Plaintiffs' scope arguments by highlighting contractual provisions in the Arbitration Agreements that were recited verbatim and *en toto* in the original Motions. Furthermore, a sur-reply is unnecessary as Plaintiffs have already presented their anticipated additional arguments in their *Ex Parte* Application, and such arguments do not withstand scrutiny.

Plaintiffs' *Ex Parte* Application should be denied in its entirety.

## II. THE MOTION TO STRIKE SHOULD BE DENIED

### A. The School Did Not Introduce Any New Evidence or Arguments in Its Replies

Plaintiffs contend that the School supposedly expanded the scope of the Arbitration Agreement "for the first time" in its Reply. [*Ex Parte* Application at p. 2: 13-16.] This could only be true if the School tried actually to rewrite the agreements in its legal brief, which the School did not. What the School did was point out

provisions that have always been in the agreements, and that were recited in its Motions. The School's Motions state that Plaintiff executed an enrollment agreement that includes "an unambiguous and mandatory arbitration agreement, whereby Plaintiff agreed to arbitrate any dispute with the School." [Muniz Mot. at p. 1: 26-28; Ferguson Mot. p. 2: 9-11] The School cited the Enrollment Agreements, which are attached to the Declarations filed concurrently with the Motions. The School also specifically quoted language in the Arbitration Agreements stating, "Both Student and the College irrevocably agree that any dispute between them shall be submitted to Arbitration." [Muniz Mot. at p. 3: 9; Ferguson Mot. at p. 3:1-2.] Plaintiffs concede that these provisions of the Arbitration Agreements were referenced in the School's moving papers. [*Ex Parte* Application at p. 1:9-12.] But Plaintiffs argue that the Motions' reliance on the "arising under [my] enrollment" language in establishing the scope of the parties' agreement somehow precludes the School from pointing out the several other broad terms that also embrace this action. No authority supports this.

    For one, it would require the School to anticipate every conceivable argument that might be lodged against it, no matter how improbable, at the risk of losing the right to enforce the arbitration agreement as written. This is not the law. *See In re Large Scale Biology Corporation*, No. 06-20046-A-11, 2007 WL 2859, *1782 (Bkrtcy. E.D. Cal. Sept. 25, 2007) (denying plaintiff's request to strike portions of the reply or file a sur-reply because "a reply necessarily raises facts and issues, for the first time, that are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit [a] movant to file a reply to any opposition"). For another, the contention is refuted by Sections 2 and 4 of the FAA, which embody strong federal policies mandating the enforcement of agreements to arbitrate "in accordance with the terms of the agreement." 9 U.S.C. § 4; *see infra*. Certain "terms of the agreement" do not simply disappear because they were merely mentioned but not stressed in the motion.

Accordingly, none of the arbitration language discussed in the School's Replies was language that Plaintiffs "never had the opportunity to address." [*See Ex Parte* Application at p. 3: 12-15.]

**B.     The School Responded to Arguments Raised in Plaintiff's Opposition**

Moreover, "[t]he purpose of a reply is to respond to Plaintiff's opposition." *Bruce v. Woodford*, 1:07-CV-00269-AWI-SKO PC, 2010 WL 3036483, *4 (E.D. Cal. Aug. 2, 2010). In its Motions, the School argued that Plaintiffs had agreed to arbitrate their disputes against the School because the Arbitration Agreement applied to "any dispute arising from enrollment." [Muniz Mot. at p. 4: 8; Ferguson Mot. at p.8: 1-2 .] In their consolidated Opposition, Plaintiffs suggested that their claims pertained to matters that arose prior to enrollment, and were outside the scope of the Arbitration Agreements. [Opposition at pp. 9-10] (This was somewhat incredible, given the many plain allegations in both Complaints expressly relying on post-enrollment activity, including but not limited to Plaintiffs' entire prayer for monetary relief and the putative class definition).[1]  Plaintiff's arguments in the Opposition thus required the School to explain that the language "any dispute arising from [my] enrollment" could not be read as narrowly as Plaintiff urged. [Muniz Reply at p. 6; Ferguson Reply at p. 4]  The School did not introduce new evidence or a new legal theory for the first time in its Replies, but quoted applicable language from the Arbitration Agreements that has always been there.

This is especially so because a party's obligation to arbitrate its dispute is governed by the entire arbitration agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985) ("The liberal policy favoring arbitration agreements…is at bottom a policy guaranteeing the enforcement of private

---

[1] After all, Plaintiffs purport to represent a class of individuals who "enrolled in or attended classes" at institutions operated by the School. [Muniz Compl. ¶¶ 1, 20; .Ferguson Compl. ¶ 44]  Plaintiffs alleges that the School engaged in fraudulent and deceptive practices to entice prospective students to enroll. [Muniz Compl. ¶ 4; Ferguson Compl. ¶ 4.]  Without enrollment, Plaintiffs would not have standing to sue and no claims to assert against the School. [*See* Muniz Reply at p. 11; Ferguson Reply at p. 9]

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

contractual agreements); *Kuehner v. Dickinson & Co.*, 84 F. 3d 316, 319 (1996) ("The FAA…created a rule of contract construction favoring arbitration"); *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63 (1995) ("[T]he cardinal principle of contract construction [is] that a document should be read to give effect to all of its provisions and to render them consistent with each other").

Given that Plaintiffs' obligation to arbitrate flows from the language of the Arbitration Agreements themselves, Plaintiffs cannot plausibly argue that the School "baited" them and "switched its position" by simply asking the Court to read the Arbitration Agreements as a whole in order to give effect to each of their provisions. It was, indeed, incumbent on Plaintiffs to anticipate this. If Plaintiffs intended to stake their entire argument on the alleged scope of one isolated clause from the Agreements, Plaintiffs would have to deal with the several other broad clauses as well, which were submitted as evidence with the School's moving papers. Assuming there was only one clause defining the Agreements' scope is a glaring flaw in Plaintiffs' argument, which the School has every right to point out. *See Bruce*, 2010 WL 3036483, *4 ("If Defendants were prohibited from raising arguments not raised in their motion to dismiss in reply to Plaintiff's opposition, there would be no point in filing a reply…Plaintiff should have anticipated Defendants' arguments and Plaintiff fails to demonstrate that the issue requires further briefing from Plaintiff.").[2]

Furthermore, the cases cited in the *Ex Parte* Application do not support Plaintiffs' request to file a sur-reply or to strike portions of the School's Replies. The

---

[2] Plaintiffs argue that they were "unprepared" for the School's argument in its Replies. Plaintiffs have their counsel to blame for this. Plaintiffs' counsel refused to meet and confer in good faith regarding the School's anticipated Motions to Compel Arbitration following the *Concepcion* decision and elected instead to "state our reasoning for opposing defendants' anticipated motion to compel arbitration in our opposition papers." *See* Exhibit A to Declaration of Felicia Yu. Had Plaintiffs met in good faith as the Local Rule 7-3 contemplates, counsel could have discussed the scope of the Arbitration Agreements and saved the Court and the parties time. A good faith meet-and-confer, for example, did result in the recent dismissal of two nearly identical lawsuits in this district by students with the same form of arbitration agreements as Plaintiffs'. *See Stockman v. Corinthian Colleges, Inc. et al.*, Case No. CV11-3467 DOC (AJWx), Document Number 16; *Jalanic-Reed et al. v. Corinthian Colleges, Inc. et al.*, Case No. CV11-3778 DOC (AJWx), Document Number 19.

cases are distinguishable as the moving party in each either failed to make a legal argument at all in its opening brief, or raised entirely new issues in its reply that necessitated a response. *Independent Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003), dealt with an opening appellate brief that apparently was simply a bullet point listing of statutes and footnotes. The court declined to sort through the brief in order to manufacture a legal argument that appellant did not adequately make. *Id.* at 930. In *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1041 (2003), the plaintiff argued for the first time in its reply that the "discovery rule" precluded application of the statute of limitations. The court did not allow defendant to file a sur-reply, but because this new issue was potentially case-dispositive, the court did consider defendant's response during oral argument. In *Association of Irritated Residents v. C&R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006), the plaintiff raised issues in its reply that were not briefed in its moving papers and that were more suitably raised in a separate motion. For this reason, the court refused to consider the new legal theory raised in plaintiff's reply.

Here, in distinct contrast, the School already presented its evidence and legal arguments in its moving papers, which, on an application for an order to compel arbitration, is all that is required before the burden shifts to Plaintiffs to explain why the agreement should not be enforced. The School did not introduce a brand new legal theory or new evidence in its Replies, but rather, simply highlighted the language of the Arbitration Agreement to refute Plaintiffs' opposition arguments, which derived from the Agreements that the School attached in their entirety to the Motions.

### III. PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY SHOULD BE DENIED

Plaintiffs' request for leave to file a sur-reply should be denied as moot, as Plaintiffs have already made anticipated additional arguments as part of their *ex parte* application. [Opp. at p. 4.] The School submits that the arguments should not be

considered, as Plaintiffs are not responding to new arguments but are simply attempting to get the last word. If the Court does consider them, they have been made, and even more briefing is not necessary. Plaintiffs' additional arguments are in any case unavailing, and are largely re-argument.

Plaintiffs first repeat their argument that the phrase "any dispute arising from enrollment at [Corinthian], no matter how described, pleaded or styled, shall be resolved by binding arbitration" is limited to disputes arising from enrollment. [*Ex Parte* App. at p. 5: 13-22.] Again, the School expressly referred to this language in its Motions, and Plaintiffs have already argued in their Opposition that this language did not cover their claims. Accordingly, Plaintiffs' "new" rebuttal has no place in a sur-reply. In fact, Plaintiffs acknowledge as much in their *Ex Parte* Application when they state that as to this phrase, the analysis regarding its scope "is the same." Further, as discussed in the School's Motions and Replies, the quoted phrase encompasses Plaintiff's claims as a matter of fact as all of Plaintiff's claims arise from her enrollment. [*See* Muniz Mot. at pp. 6-7; Muniz Reply at pp. 6-11; Ferguson Mot. at p. 8; Ferguson Reply at pp. 8-9 .] And, as a matter of law, the holding in *Prima Paint*, and several other cases confirming that doubts about scope are resolved in favor of arbitration, control since the clause is not limited to any disputes under the contract, but is open to the broad category of "enrollment."

Plaintiffs' next argument is that because the phrases "Both Student and the College irrevocably agree that any dispute between them shall be submitted to Arbitration" and "I understand that both the school and I are irrevocably waiving rights to a trial by jury and are selecting instead to submit any and all claims to the decision of an arbitrator instead of a court," appear later in the arbitration agreement, the later phrases can effectively be ignored. [*Ex Parte* App. at p. 6.] Plaintiffs provide no authority to support this method of contract interpretation, and it is precluded by the FAA as well as basic principles of *in pari materia*, requiring that contract provisions be harmonized wherever possible to give effect to all the terms.

As the School points out in its Replies, the additional clauses place no limitation on arbitrable disputes. They are not subsumed, let alone eliminated, by the term "arising from enrollment," but rather show that "enrollment" was intended to be interpreted as broadly as possible, covering any possible dispute that could exist between a student and the School at any time. Any other reading would impermissibly render portions of the Agreement meaningless. [*See* Reply at p. 7:5-24]; *see also Mastrubuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63 (1995) ("[T]he cardinal principle of contract construction [is] that a document should be read to give effect to all of its provisions and to render them consistent with each other."). The best Plaintiffs can hope in trying to explain away this authority is that there is doubt about the scope of the Arbitration Agreements, which necessarily is resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927 (1983).3

In sum, Plaintiffs' sur-reply would not refute any of the arguments made in the School's Replies, as those arguments were already disposed of in the School's Replies.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs' *Ex Parte* Application to strike portions of the School's Replies or leave to file a sur-reply should be denied.

Respectfully submitted,

DATED: June 23, 2011            REED SMITH LLP

By  */s/ Felicia Yu*
    Felicia Yu
    Attorneys for Defendants

---

3 Plaintiffs continue to insist on state-based principles of contract interpretation that purported ambiguities (which the School maintains there are none in this case) are construed against the drafter. This principle has been superseded by the overriding policies of the FAA, which mandate that doubts are resolved in favor of arbitration—a principle stated in *Moses H. Cone* and reinforced in cases too numerous to cite.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On June 23, 2011, I served the following document(s) by the method indicated below:

**CONSOLIDATED OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO STRIKE PORTION OF DEFENDANTS' REPLY OR FOR LEAVE TO FILE SUR-REPLY**

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

☐ by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

| | |
|---|---|
| Francis A. Bottini, Jr., Esq.<br>Shawn E. Fields, Esq.<br>Johnson Bottini, LLP<br>501 West Broadway, Suite 1720<br>San Diego, California 92101<br>Telephone: 619.230.0063<br>Facsimile: 619.238.0622<br>Email: frankb@johnsonbottini.com | Attorneys for Plaintiff<br>*Kevin Ferguson* |
| Edward D. Chapin, Esq.<br>Douglas J. Brown, Esq.<br>Chapin Fitzgerald Sullivan & Bottini LLP<br>550 West "C" Street, Suite 2000<br>San Diego, CA 92101<br>Telephone: 619.241.4810<br>Facsimile: 619.955.5318<br>Email: echapin@cfsblawfirm.com<br>       dbrwn@cfsblawfirm.com | Attorneys for Plaintiff<br>*Sandra L. Muniz* |

  I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 23, 2011, at Los Angeles, California.

*[signature]*
Candice A. Spoon

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 3 —
PROOF OF SERVICE