1  CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
2      Edward D. Chapin (SBN: 053287)
       echapin@cfsblaw.com
3      Francis A. Bottini, Jr. (SBN: 175783)
       fbottini@cfsblaw.com
4      Douglas J. Brown (SBN: 248673)
       dbrown@cfsblaw.com
5
6  550 West C Street, Suite 2000
7  San Diego, California 92101
   Telephone:  (619) 241-4810
8  Facsimile:  (619) 955-5318
9  *Attorneys for Plaintiffs Kevin Ferguson and Sandra L. Muñiz*
10
11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  Kevin Ferguson, on behalf of himself  )<br>14  and all others similarly situated,  )<br>15  Plaintiff,  )<br>16  vs.  )<br>17  Corinthian Colleges, Inc.; Corinthian  )<br>18  Colleges, Inc., d/b/a Everest College;  )<br>19  Corinthian Colleges, Inc., d/b/a Everest )<br>     University; Corinthian Colleges, Inc.,  )<br>20  d/b/a Everest Institute; Corinthian  )<br>21  Colleges, Inc., d/b/a Everest College of )<br>22  Business, Technology and Health Care; )<br>     Heald College, LLC; and Heald  )<br>23  Capital, LLC,  )<br>24  Defendants.)<br>25  [Additional Caption on Next Page] | Case No.:   11-cv-0127 DOC (AJWx)<br>(Consolidated with 11-cv-0259 DOC (AJWx))<br><br>**Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Stay Proceedings Pending Appeal**<br><br>Date:       January 9, 2012<br>Time:       8:30 a.m.<br>Courtroom:  9-D, Santa Ana<br>Judge:      Hon. David O. Carter |

26
27
28

Sandra L. Muñiz, on behalf of herself )   Case No.:   11-cv-0259 DOC (AJWx)
and all others similarly situated,     )   (Consolidated with 11-cv-0127 DOC
                                )   (AJWx))
                Plaintiff,)
                                  )
           vs.                )
                                  )
Corinthian Colleges, Inc.; Corinthian   )
Colleges, Inc., d/b/a Everest College;   )
Corinthian Colleges, Inc., d/b/a Everest)
University; Corinthian Colleges, Inc.,   )
d/b/a Everest Institute; Corinthian     )
Colleges, Inc., d/b/a Everest College of )
Business, Technology and Health Care; )
Heald College, LLC; and Heald       )
Capital, LLC,                        )
                                )
               Defendants.)

# **Table of Contents**

I.      INTRODUCTION ................................................................................ 1

II.     STATEMENT OF FACTS ................................................................. 2

III.    LEGAL STANDARD ........................................................................ 3

IV.     ARGUMENT ...................................................................................... 4

      A.    Defendants Do Not – And Cannot – Make A Strong
           Showing Of Likelihood Of Success Because Controlling
           California Law Dooms Their Appeal ................................................. 4

      B.    Defendants Cannot Demonstrate Irreparable Injury
           Based Solely On The Anticipated Expense Of Litigation ................. 6

      C.    Plaintiffs, The Class, And The Public Will Suffer Harm
           Should A Stay Be Imposed ...................................................... 9

      D.    A Stay Will Harm Public Interest ..................................................... 10

VI.     CONCLUSION ................................................................................... 11

# Table of Authorities

*Alascom Inc. v. ITT N. Elec. Co.*,
    727 F.2d 1419 (9th Cir. 1984) .......................................................7, 8

*AT&T Mobility LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ...................................................................4

*Biomet Biologics, LLC v. Bio Rich Med., Inc.*,
    No. SACV 10-1582 DOC (PJWx),
    2011 U.S. Dist. LEXIS 109282 (C.D. Cal. Sept. 26, 2011) ........................3, 9

*Bradberry v. T-Mobile USA, Inc.*,
    No. C 06-6567 CW,
    2007 U.S. Dist. LEXIS 58801 (N.D. Cal. Aug. 2, 2007) ..................7, 8, 9, 10

*Britton v. Co-op Banking Group*,
    916 F.2d 1405 (9th Cir. 1990) ...........................................................3

*Broughton v. Cigna Healthplans of Calif.*,
    988 P.2d 67 (Cal. 1999) ..................................................................4

*Brown v. Ralphs Grocery Co.*,
    197 Cal. App. 4th 489 (Cal. Ct. App. 2011)..........................................4, 5

*Castaneda v. United States*,
    No. SACV 07-7241 DDP (JCx),
    2008 U.S. Dist. LEXIS 40567 (C.D. Cal. May 20, 2008)...........................6, 7

*Cervantes v. Pac Bell Wireless*,
    No. 05 CV 1469,
    2006 U.S. Dist. LEXIS 89198 (S.D. Cal. Mar. 8, 2006) ................................8

*Cruz v. Pacifware Health Sys., Inc.*,
    66 P.3d 1157 (Cal. 2003) ..................................................................4

*Ferguson v. Corinthian Colls., Inc.*,
    Nos. SACV 11-0127 DOC (AJWx) *et al.*,
    2011 U.S. Dist. LEXIS 119261 (C.D. Cal. Oct. 6, 2011)...............................2

*Hill v. Peoplesoft USA, Inc.,*
    341 F. Supp. 2d 559 (D. Md. 2004)...............................................................10

*Hilton v. Braunskill,*
    481 U.S. 770 (1987) ........................................................................*passim*

*In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.,*
    No. ML 09-2093 AG (ANx),
    2011 U.S. Dist. LEXIS 102027 (C.D. Cal. Sept. 6, 2011)................................4

*Just Film, Inc. v. Merchant Servs., Inc.,*
    No. C 10-1993 W,
    2011 U.S. Dist. LEXIS 97385 (N.D. Cal. Aug. 30, 2011)................5, 7, 8, 10

*Li v. A Perfect Franchise, Inc.,*
    No. 10-CV-1189-LHK,
    2011 U.S. Dist. LEXIS 60814 (N.D. Cal. June 8, 2011)..............................7, 8

*Martin v. Franklin Capital Corp.,*
    546 U.S. 132 (2005) ....................................................................................3, 8

*Miller v. County of Santa Cruz,*
    39 F.3d 1030 (9th Cir. 1994) ...........................................................................5

*Murphy v. DirecTV, Inc.,*
    No. SACV 07-6465 FMC (VBKx),
    2008 U.S. Dist. LEXIS 123185 (C.D. Cal. July 1, 2008)................................5

*Nken v. Holder,*
    129 S. Ct. 1749 (2009) ..............................................................................7, 8

*Pagtalunan v. Galaza,*
    291 F.3d 639 (9th Cir. 2002) ...........................................................................9

*Plows v. Rockwell Collins, Inc.,*
    No. SACV 10-01936 DOC (MANx),
    2011 U.S. Dist. LEXIS 88781 (C.D. Cal. Aug. 9, 2011)................................4

*Sofinet v. INS,*
    188 F.3d 703 (7th Cir. 1999) ...........................................................................5

*Steiner v. Apple Computer, Inc.*,
   No. C 07-4486 SBA,
   2008 WL 1925197 (N.D. Cal. Apr. 29, 2008)................................................7, 8

*United States v. Lee, Goddard & Duffy, LLP*,
   553 F. Supp. 2d 1164 (C.D. Cal. 2008) ...........................................5, 6, 7, 9, 10

*West v. AT&T Co.*,
   311 U.S. 223 (1940) ........................................................................................4

# I.   INTRODUCTION

In their latest effort in a year-long campaign to stall this litigation, Defendant Corinthian Colleges, Inc. and its subsidiaries (collectively, "Defendants") now move to stay the proceedings pending their appeal of the Court's refusal to compel arbitration of the claims for injunctive relief. Defendants' motion boils down to a single assertion:

> Defendants' interest in avoiding the expense of litigation trumps the interests of Plaintiffs Kevin Ferguson and Sandra L. Muñiz, thousands of other students, and the public in enforcing their statutory right to enjoin Corinthian's fraudulent recruiting practices and its illegal scheme to steal federal funds.

Defendants' motion must fail because they cannot carry their burden to establish any of the four factors set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

First, Defendants cannot make a strong showing of a likelihood of success on the merits in their appeal.  Controlling case law from California courts supports this Court's refusal to compel arbitration of statutory claims for injunctive relief.  Defendants' appeal is thus doomed.

Second, the cost of continued litigation is insufficient to satisfy the "irreparable injury" prong of the *Hilton* test.  Based on Defendants' failure to satisfy the first two crucial prongs alone, the Court should deny their motion.

Third, a stay will delay Plaintiffs' day in court and allow Defendants to prolong their illegal scheme.  Consideration of the interests of Plaintiffs and the other parties counsels against a stay.

Fourth, a delay in seeking an injunction against Defendants to thwart their illegal activities will result in injury to the public and the putative class.  Thus, a stay conflicts with public interests.

Accordingly, the Court should deny Defendants' motion to stay and allow Plaintiffs' claims for injunctive relief to proceed into discovery.

## II.   STATEMENT OF FACTS

This consolidated class action arises from Defendants' illegal scheme to steal money from the federal treasury by:

- employing deceptive tactics, including misrepresenting the costs and quality of attending Corinthian's schools, to induce students to enroll;

- implementing a compensation structure for enrollment advisors that violates federal education laws; and

- targeting a vulnerable population of veterans in an effort to maximize Corinthian's revenues from federal funds.

*See Ferguson v. Corinthian Colls., Inc.*, Nos. SACV 11-0127 DOC (AJWx) *et al.*, 2011 U.S. Dist. LEXIS 119261, at **1-3 (C.D. Cal. Oct. 6, 2011).  Like thousands of other students, Plaintiffs fell victim to Defendants' scheme and borrowed thousands of dollars from federal student loans to pay for Corinthian's useless classes.  *Id.*  Plaintiffs commenced two putative class actions in early 2011 asserting claims for damages and injunctive relief under California's consumer protection statutes and common law.  *Id.*

But Defendants sought to stall this litigation.  Although Corinthian is headquartered in this District, Defendants moved to transfer venue to another district.  *See* Dkt. No. 10.  Defendants also opposed consolidation of the two actions, which indisputably involved common issues of law and fact.  Dkt. Nos. 24-28.  Only after the Court denied their motion to transfer and consolidated the two actions did Defendants move to compel arbitration.  *See* Dkt. No. 38.  By order dated October 6, 2011, the Court denied Defendants' motion in part, allowing Plaintiffs' claims for injunctive relief to proceed.  Defendants filed a notice of appeal from that order.  *Ferguson*, 2011 U.S. Dist. LEXIS 119261, at *29.  To further delay this litigation, Defendants now move for a stay pending appeal.  Dkt. No. 57.  As discussed below, however, Defendants' motion lacks merit and should be denied.

## III.   LEGAL STANDARD

In deciding Defendants' motion, the Court should apply three key rules. First, this Court has discretion to decide whether to stay an action pending appeal of an order denying a motion to compel arbitration. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).  Because, the power to stay proceedings is derived from the Court's inherent power to manage its dockets, its discretion in exercising such power is broad.  *See, e.g.*, *Biomet Biologics, LLC v. Bio Rich Med., Inc.,* No. SACV 10-1582 DOC (PJWx), 2011 U.S. Dist. LEXIS 109282, at **3, 7 (C.D. Cal. Sept. 26, 2011) (Carter, J.) (denying a stay to prevent a party from gaining tactical advantage).  But the breadth of discretion "does not mean that no legal standard [exists]." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (internal quotation marks omitted).  The exercise of the discretion here must "be guided by sound legal principles." *Id.*

Second, the Supreme Court's decision in *Hilton*, 481 U.S. at 776, sets forth a four-factor test for deciding whether a stay is warranted:

> (1)   whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

> (2)   whether the applicant will be irreparably injured absent a stay;

> (3)   whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

> (4)   where the public interest lies.

Third, as the proponents of a stay, Defendants bear the burden of establishing all four of the *Hilton* factors.

As discussed below, however, Defendants have failed to carry their burden because consideration of each *Hilton* factor militates against a stay.

///

///

## IV.   ARGUMENT

### A.   Defendants Do Not – And Cannot – Make A Strong Showing Of Likelihood Of Success Because Controlling California Law Dooms Their Appeal

To satisfy the first *Hilton* factor, Defendants must make a "strong showing" of their "[likelihood of success] on the merits" in the pending appeal.  Defendants cannot do so because, contrary to their main argument on appeal, state and federal courts in California have limited the reach of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011).[1]  Defendants disagree with this Court's decision to follow the *Broughton-Cruz* rule prescribed by the California Supreme Court in *Broughton v. Cigna Healthplans of California*, 988 P.2d 67 (Cal. 1999), and *Cruz v. Pacificare Health Systems, Inc.*, 66 P.3d 1157 (Cal. 2003).  But in *Brown*, the California Court of Appeal upheld the *Broughton-Cruz* rule because *Concepcion* did "not address" the rule or the statute under which the class action arose.  *Brown*, 197 Cal. App. 4th at 503 ("[u]ntil the . . . Supreme Court rules otherwise, we continue to follow what we believe to be California law").

*Brown* is the rule of decision in California.  *See West v. AT&T Co.*, 311 U.S. 223, 237 (1940) ("[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court").   Thus, absent "persuasive data that the highest court of the state would decide otherwise," *Brown* is binding on all federal courts – including the Ninth Circuit – that are called upon to determine the validity of the *Broughton-Cruz* rule.  *Id.*

---

[1] *See, e.g.*, *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 500-03 (Cal. Ct. App. 2011) (refusing to extend the preemption announced in *Concepcion* to certain claims under California employment statutes); *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, No. ML 09-2093 AG (ANx), 2011 U.S. Dist. LEXIS 102027 (C.D. Cal. Sept. 6, 2011); *Plows v. Rockwell Collins, Inc.*, No. SACV 10-01936 DOC (MANx), 2011 U.S. Dist. LEXIS 88781 (C.D. Cal. Aug. 9, 2011) (Carter, J.).

Defendants produce no such "persuasive data" in their motion; indeed, none exists. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1036 n.5 (9th Cir. 1994) (rejecting an assertion of "persuasive data"). Because, under *Brown*, Defendants stand to lose on this central issue in their appeal, they do not – and cannot – establish any likelihood of success on the merits.

In a futile attempt to argue the contrary (*see* Defs.' Br. at 4-5), Defendants rely on a single district court decision, *Murphy v. DirecTV, Inc.*, No. SACV 07-6465 FMC (VBKx), 2008 U.S. Dist. LEXIS 123185 (C.D. Cal. July 1, 2008). But their reliance on *Murphy* is misplaced for two reasons. First, *Murphy* is distinguishable. There, the court "[s]pecifically recognize[d] that there [was] a paucity of authority on the issue [on appeal]." *Id.* at *6. In contrast, as demonstrated above, the California Court of Appeal has spoken on the principle issue on appeal here. Second, relying on a 1989 decision from the Western District of Tennessee, *Murphy* erroneously required only a showing of "a legitimate, substantial question [on appeal]," rather than "a strong showing" of likelihood of success "on the merits." *Id. Murphy* thus misstated and misapplied the *Hilton* test. *See, e.g., Just Film, Inc. v. Merchant Servs., Inc.*, No. C 10-1993 W, 2011 U.S. Dist. LEXIS 97385, at *5 (N.D. Cal. Aug. 30, 2011) (denying a motion to stay because the movant was not "likely to succeed on the merits of [that] appeal"); *United States v. Lee, Goddard & Duffy, LLP*, 553 F. Supp. 2d 1164, 1167-68 (C.D. Cal. 2008) (Carter, J.) (same). Indeed, *Murphy* impermissibly reduced the heavy burden of a "strong showing" of likelihood of success to a mere possibility of prevailing on appeal. This is plainly insufficient under *Hilton*. *See Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999) (requiring that the chance of success be "better than negligible"). This Court should therefore reject Defendants' argument based on *Murphy*.

Absent legal support, Defendants cannot satisfy the first prong of the *Hilton* test.

**B.   Defendants Cannot Demonstrate Irreparable Injury Based Solely On The Anticipated Expense Of Litigation**

*Hilton* requires that a proponent of a stay demonstrate irreparable injury absent a stay.  For this prong of *Hilton* to have any meaning, irreparable injury must encompass injury beyond the burden of continued litigation because such burden is inevitable.

Accordingly, district courts in the Ninth Circuit have repeatedly held that a showing of litigation expenses is insufficient to satisfy *Hilton*'s requirement of irreparable injury.  *See, e.g., Castaneda v. United States*, No. SACV 07-7241 DDP (JCx), 2008 U.S. Dist. LEXIS 40567, at *13 (C.D. Cal. May 20, 2008) ("[the] burden [of discovery] . . . does not constitute an irreparable injury").  In *Lee*, 553 F. Supp. 2d at 1169, for example, this Court correctly applied the second prong of the *Hilton* test and found only "minimal" harm resulting from continued litigation.  *Lee* involved an order requiring accountants to produce documents in response to an Internal Revenue Service demand.  *Id.* at 1166.  The accountants sought a stay of that order pending appeal arguing that the production of the demanded document would cause irreparable injury because the document production could not be undone.  *Id.*  The Court rejected the accountants' arguments, holding that the absence of "complete relief" in the event of the Ninth Circuit's reversal was insufficient to justify a stay pending appeal.  *Id.* at 1165-66.

///
///
///
///
///
///
///

The same rule applies when deciding whether to stay proceedings pending appeal of an order denying a motion to compel arbitration.  *See*, *e.g.*, *Just Film*, 2011 U.S. Dist LEXIS 97385, at **5-6 (holding that ordinary discovery, unless "unduly burdensome," does not constitute irreparable injury); *Li v. A Perfect Franchise, Inc.*, No. 10-CV-1189-LHK, 2011 U.S. Dist. LEXIS 60814, at **15-16 (N.D. Cal. June 8, 2011) ("additional [litigation] expenses do not constitute an irreparable harm"); *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at **11-12 (N.D. Cal. Aug. 2, 2007) ("[t]he cost of some pretrial litigation does not constitute an irreparable harm").

Each of these cases – *Lee*, *Castaneda*, *Just Film*, *Li*, and *Bradberry* – imposes a heavy burden on the proponent of a stay to show substantial irreparable injury. The Supreme Court has held that injury must be "categorically irreparable." *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009) (holding that the "burden of [an alien being removed from the United States] alone cannot constitute the requisite irreparable injury" to justify a stay of the removal order).  To hold otherwise will render the second prong of the *Hilton* test toothless.

Yet Defendants urge the Court to do just that.  Defs.' Br. at 5-6 & n.4. Both in their opening brief and at the November 10, 2011 meet-and-confer conference, Defendants have failed to identify *any* injury to justify a stay other than the costs of continued litigation.  *See id.*  To support their meritless claim of injury, Defendants primarily rely on *Alascom Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984), and *Steiner v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008).  But Defendants'

///
///
///
///

quotation of *Alascom* is lifted outside the context of a motion to stay proceedings pending appeal. *Alascom* addressed the appealability of an order staying arbitration, and has nothing to do with how district courts should exercise discretion in staying the case pending an appeal of an order denying a motion to compel arbitration. In fact, the district court in *Bradberry* rejected the same attempted use of *Alascom* as "unpersuasive." *Bradberry*, 2007 U.S. Dist. LEXIS 58801, at *9.

Nor does *Steiner* save the day for Defendants. Defendants quote *Steiner* for the proposition that "almost every California district court" issued a stay in similar situations. Defs.' Br. at 6. But *Just Film*, *Li*, and *Bradberry* prove this proposition wrong. Moreover, *Steiner* refused to require the application of the stay to show "substantial" irreparable injury. In light of *Nken*'s requirement of a "categorically irreparable" injury, this is error. *Nken*, 129 S. Ct. at 1761. Defendants' reliance on *Alascom* and *Steiner* is therefore misplaced.[2]

If adopted, Defendants' argument would eviscerate the second prong of the *Hilton* test because to find "irreparable injury" based solely on the costs of continued litigation would be to find the second prong of the *Hilton* test satisfied *in every case*. This would prevent the Court from exercising its discretion based on "sound legal principles." *Martin*, 546 U.S. at 139.

In summary, Defendants have failed to satisfy the first two factors of the *Hilton* test. Because "the first two factors . . . are the most critical," the Court should deny Defendants' motion based on this failure alone. *See Nken*, 129 S. Ct. at 1761.

---

[2] Equally misplaced is Defendants' reliance on *Cervantes v. Pac Bell Wireless*, No. 05cv1469, 2006 U.S. Dist. LEXIS 89198 (S.D. Cal. Mar. 8, 2006), in which the court blindly followed *Alascom* without any analysis.

## C.   Plaintiffs, The Class, And The Public Will Suffer Harm Should A Stay Be Imposed

Justice delayed is justice denied.  Since February 2011, however, Defendants have launched a persistent campaign to stall this litigation by:

- moving to change venue to what they perceived to be a friendly forum (*see* Dkt. No. 10);

- opposing consolidation of Plaintiffs' actions, which indisputably involved common questions of law and fact (*see* Dkt. Nos. 24-28); and

- moving to compel arbitration (*see* Dkt. No. 38) only after the Court denied their motion to transfer and consolidated these actions.

After Defendants failed to compel arbitration of the entire action, they appealed and filed the present motion to further delay proceedings in this Court.  After nearly an entire year of litigation, this action remains at the pleading stage.

Under similar facts, this Court in *Biomet* declined to stay the proceedings because defendants "caused substantial delays" and kept the litigation "in its early stages." *Biomet*, 2011 U.S. Dist. LEXIS 109282, at **5-6.  *Biomet*'s reasoning applies here with stronger force because Plaintiffs are seeking to enforce statutory rights to enjoin Defendants from continuing their fraudulent recruiting tactics and furthering their illegal scheme.  Contrary to Defendants' baseless assertions (*see* Defs.' Br. at 7), the interests of Plaintiffs, the class, and the public are paramount because their rights under California's consumer protection statutes are fundamental and *not* arbitrable.  *See Ferguson*, 2011 U.S. Dist. LEXIS 119261, at *29.  Plaintiffs will be prejudiced by any delay in seeking enforcement of those rights.  *See, e.g.*, *Bradberry*, 2007 U.S. Dist. LEXIS 58801, at *12 (finding that "delaying a plaintiff's day in court [in a consumer class action] constituted a substantial injury to the plaintiff").  Moreover, delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  Accordingly, consideration of *Hilton*'s third prong counsels against a stay.

**D.     A Stay Will Harm Public Interest**

Because Plaintiffs seek to enjoin Defendants' illegal conduct on behalf of the class and the public, consideration of the public interest prong converges with the consideration of *Hilton*'s third prong. As the court in *Bradberry* held, any delay in seeking an injunction against fraudulent activity will result in injury to the public and the putative class:

> If the allegations of fraud have merit, any delay harms the public interest. Unlike Plaintiff, the putative class members may not be aware of the harm Defendant's actions are allegedly causing them. A delay of proceedings will allow any harm to the putative class members to continue, and therefore may materially affect the public interest in vindicating the rights of consumers.

*Bradberry*, 2007 U.S. Dist. LEXIS 58801, at **15-16. Accordingly, "the public interest does not favor delaying litigation." *Id.* at *16. Moreover, a stay will allow Defendants to prolong their illegal scheme and continue to steal hundreds of millions of dollars every year from the federal treasury. *See Lee*, 553 F. Supp. 2d at 1169 (finding that the public has a "strong interest in" having the government complete a fraud investigation).

Contrary to Defendants' assertion (*see* Defs.' Br. at 8), the consideration of judicial economy does not favor a stay. At this juncture, continued litigation of this consolidated action will focus on discovery, which is not expected to require substantial judicial involvement. Nor do any rulings on discovery run the risks of inconsistent rulings on the merits of Plaintiffs' claims. *Just Film*, 2011 U.S. Dist. LEXIS 97385, at *6 (denying a stay in part because the appeal did not directly address the issues in the continued litigation); *see also Hill v. Peoplesoft USA, Inc.*, 341 F. Supp. 2d 559, 561 (D. Md. 2004) (denying a motion to stay to the extent it sought to prevent plaintiff from "amending [the] complaint [or] moving forward with discovery"). Accordingly, consideration of the public interest prong favors denying Defendants' motion.

**V.     CONCLUSION**

    For the reasons set forth above, the Court should deny Defendants' motion to stay this action pending appeal and allow Plaintiffs' claims for injunctive relief to proceed.

Dated:  December 8, 2011                Respectfully submitted,

                                         CHAPIN FITZGERALD
                                            SULLIVAN & BOTTINI LLP
                                         Edward D. Chapin (SBN: 053287)
                                         Francis A. Bottini, Jr. (SBN: 175783)
                                         Douglas J. Brown (SBN: 248673)


                                               s/ Francis A. Bottini, Jr.
                                         ─────────────────────────────
                                               Francis A. Bottini, Jr.

                                         550 West C Street, Suite 2000
                                         San Diego, California 92101
                                         Telephone:  (619) 241-4810
                                         Facsimile:  (619) 955-5318

                                         *Attorneys for Plaintiffs*
                                         *Kevin Ferguson and Sandra L. Muñiz*