**AMENDED** (Answer due)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 11-0127 DOC (AJWx)                                         Date: January 5, 2012
Consolidated with SACV 11-0259 DOC (AJWx)

Title: KEVIN FERGUSON v. CORINTHIAN COLLEGES, ET AL
SANDRA L. MUÑIZ v. CORINTHIAN COLLEGES, ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                 NONE PRESENT

PROCEEDING (IN CHAMBERS): **AMENDED** - ORDER DENYING DEFENDANTS' MOTIONS TO STAY PROCEEDINGS PENDING APPEAL

      Before the Court is Defendants' Motion to Stay Proceedings Pending Appeal [Dkt. 60]. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 9, 2012 at 8:30 a.m. is VACATED. After considering the moving, opposing, and replying papers, the Court hereby DENIES the Motion.

    **I.**    **Background**

      Plaintiff Kevin Ferguson ("Ferguson") brings his action (SACV 11-127) ("Ferguson action") on behalf of himself and two classes consisting of persons who enrolled in and/or attended classes at one of Defendant Corinthian Colleges' ("Corinthian") academic institutions. The "Everest Class" consists of those who attended Everest College, Everest Institute, Everest University, Everest University Online, or Everest College of Business Technology and Healthcare (collectively, "Everest") from January 24, 2005 to present, and the "Heald Class" consists of those who attended Heald College, LLC ("Heald") from January 24, 2009 to present. On April 15, 2011, the Court consolidated the Ferguson action with Plaintiff Sandra Muñiz's ("Muñiz") action. Muñiz also brings her action on

behalf of herself as well as an Everest Subclass and a Heald Subclass.

Plaintiffs allege that students enroll in Corinthian institutions believing they are receiving a quality education at an affordable price, when, in fact, they pay some of the highest tuition rates in the country, incur crippling student loans, and graduate with a degree that never qualifies nor prepares them for any job placement other than low-wage, low-skill employment. Based on these allegations, Plaintiffs bring the following claims against Defendants Corinthian, Everest, Heald, and Heald Capital, LLC, (collectively, "Defendants"): (1) breach of implied contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of Cal. Bus. & Prof. Code § 17200; (4) violation of Cal. Bus. & Prof. Code § 17500; (5) violation of the Consumer Legal Remedies Act; (6) negligent misrepresentation; and (6) fraud.[1]  Plaintiffs each seek restitution, punitive damages, disgorgement of profits, and a permanent injunction.

In May 2011, Defendants filed a motion to compel individual arbitration of each Plaintiff's claims. On October 6, 2011, the Court granted in part and denied in part that motion. Although the Court granted the motion with respect to most of Plaintiffs' claims, the Court concluded that Plaintiffs' claims seeking public injunctive relief under various California consumer statutes were not subject to arbitration. Under these claims, Plaintiffs seek to prevent Defendants from deceiving vulnerable consumers, such as former military service personnel and low-income individuals, about what it means to enroll at one of Defendants' institutions, namely, the true cost of attendance, quality of education, nature of accreditations, and job prospects upon graduation. In denying this part of the motion to compel, the Court reasoned that the California Legislature's decision to allow citizens to bring injunctive relief claims under the Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), and False Advertising Law ("FAL") *on behalf of the public* is not inconsistent with the Federal Arbitration Act ("FAA"). *Ferguson v. Corinthian Colleges*, --- F. Supp. 2d ----, No. SACV 11–0127 DOC (AJWx), 2011 WL 4852339, at *7 (C.D. Cal. Oct. 6, 2011). The Court concluded that because Plaintiffs' injunctive relief claims seek to enforce a public right, there would be an inherent conflict in sending these claims to arbitration. *Id.* at *9. The Court also noted that this ruling was not in apparent conflict with the FAA and that the Supreme Court's recent decision in *Concepción* did not address the abitrability of public injunctive relief actions. In light of these considerations, the Court denied the motion to compel arbitration as to Plaintiffs' UCL, CLRA, and FAL claims, to the extent they seek public injunctive relief. The Court stayed the claims that were sent to arbitration and stated that the public injunctive relief claims could proceed before the Court. *Id.* at *10.

On November 4, 2011, Defendants appealed the Court's decision to the Ninth Circuit. Defendants now bring the instant Motion in an attempt to have the public injunctive relief claims stayed while the Ninth Circuit considers their appeal.

---

[1] These claims appear in a different order in the Muñiz complaint.

## II. Legal Standard

The power to stay proceedings is soundly within the Court's discretion and is incidental to the "power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a stay pending appeal, the Court considers: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1756 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). These factors substantially overlap with the preliminary injunction factors set forth by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22-23 (2008). *See Nken*, 129 S. Ct. at 1761. In the Ninth Circuit, these factors were already applied to a stay pending appeal before the Supreme Court issued its decision in *Nken*. *See Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009).

## III. Discussion

### A. Strong Showing of Likely Success on Merits

Defendants argue that the first *Hilton* factor is met by showing that the underlying motion to compel arbitration presents a substantial question. (Mot. at 4.) In support, Defendants cite *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). In *Britton*, the Ninth Circuit considered whether an appeal from a denial of a motion to compel arbitration stripped the district court of jurisdiction to proceed on the merits of the case during the pendency of the appeal. *Id.* at 1411-12. The court concluded that "[s]ince the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits." *Id.* at 1412. The court rejected the appellant's suggestion that an appeal regarding arbitrability could always put a case on hold during the pendency of the appeal because it "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Id.* The court went on to note the district court's flexibility in this situation, "for instance, [if] the court finds that the motion presents a substantial question, [the court could] stay the proceedings pending an appeal from its refusal to compel arbitration." *Id.*

While *Britton* provides one example of when a district court may exercise its discretion to stay proceedings pending an appeal on the issue of arbitrability, it does not obviate the need to apply the four-factor test set announced by the Supreme Court in *Hilton* and recently reaffirmed by the Supreme Court in *Nken*. *See, e.g.*, *Monsanto v. DWW Partners, LLP*, No. CV-09-01788-PHX-FJM, 2010 WL 1904274, at *1 (D. Ariz. May 10, 2010) (recognizing that "*Britton* does not hold that the

general standard for a stay pending appeal is inapplicable in the context of arbitration" and applying the four-factor test set forth in *Hilton* and *Nken*).  Thus, under the first *Hilton* factor, the Court asks whether Defendants can show a strong likelihood of success on the merits.  *Hilton,* 481 U.S. at 776.

Defendants do not address this point in their moving papers.

In their opposition, Plaintiffs argue that Defendants cannot show strong likelihood of success on the merits in light of *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 500-03 (2011), which Plaintiffs argue is the rule in California and is binding on federal courts, foreclosing the possibility of a likelihood of success in Defendants' appeal.[2]

In their reply, Defendants again fail to address the likelihood of success on the merits and reiterate the argument that the alternate first-factor test gleaned from *Britton* should be applied.

The Supreme Court's recent reiteration of the *Hilton* test in *Nken* confirms to the Court that the four-factor test is alive and well.  The Court declines Defendants' request to rely only on a showing of a substantial legal question instead of conducting the required analysis of likelihood of success on the merits.  Because Defendants fail to address this point, they have not carried their burden as to the first *Hilton* factor.  Thus, this factor favors denying a stay pending appeal.

### B. Irreparable Injury

Defendants argue that being forced to arbitrate during the pendency of the appeal would cause irreparable harm because the advantages of arbitration – speed and economy – will be lost forever.  (Mot. at 6.)

---

[2] In citing *Brown*, Plaintiffs misapprehend the nature of the legal question presented in Defendants' appeal.  The question is whether under the FAA and post-*Concepción*, public injunctive relief claims under the UCL, FAL, and CLRA may be compelled to arbitration.  In its October 6, 2011 order, the Court concluded they may not.  However, in the same order, the Court noted a split of authority among district courts in the Ninth Circuit.  *See Ferguson*, 2011 WL 4852339 at *7 (collecting cases).  *Brown* sets forth the California Court of Appeal's view that *Concepción* does not mean that the FAA preempts state law regarding the arbitrability of California's Private Attorney General Act claims.  However, recognizing the distinction between the question presented in *Brown* and the question presented in this case does nothing to advance the analysis of whether Defendants have made the requisite showing under the first *Hilton* factor.

Plaintiffs respond that irreparable injury cannot flow from the burden of litigating because this burden would be inevitable. (Opp'n at 6.) Plaintiffs maintain that if irreparable injury is found based solely on continuing litigation costs, then this factor would be met in every case. (*Id.* at 8.)

The Ninth Circuit has held that "where an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). The court then went on to characterize this deprivation, in the form of undertaking the expense and delay of trial before the issue of arbitration is decided on appeal, as a "serious, perhaps, irreparable" consequence because "the advantages of arbitration – speed and economy – are lost forever." *Id.* Although this holding was in the context of whether an order staying arbitration was subject to immediate appeal, the principle underlying the court's holding is that when a party seeking arbitration is forced to litigate during the pendency of an appeal, even if that party wins on the issue of arbitrability, the benefits of arbitration have already been lost. The Ninth Circuit has clarified that there is no practical difference between an order staying arbitration and an order refusing to compel arbitration. *See Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Aloha Airlines, Inc.*, 776 F.2d 812, 814-15 (9th Cir. 1985) ("We conclude that there is no significant difference between the grant of the motion to stay arbitration involved in *Alascom* and the denial of the motion to compel arbitration present here. Both orders were in the nature of an injunction because the court declined to exercise its equitable powers to order a proceeding in another forum.").

The Court agrees that if the case proceeds during the pendency of the appeal, the speed and economy afforded by arbitration will be lost to the delay and expense associated with litigation. Accordingly, this factor favors granting a stay pending appeal.

### C.   Injury to Other Parties Interested in Proceeding

Defendants argue that the named Plaintiffs and the putative class will not be prejudiced because their claims have been compelled to individual arbitration. (Mot. at 7.) Defendants point out that Plaintiffs' original putative class encompassed only currently or previously enrolled students, while the public injunctive relief claims seek to enjoin Defendants' recruiting practices targeting new students. (*Id.*)

Plaintiffs respond that their interests under the California consumer protection statutes are paramount because their rights under these statutes are not arbitrable and they will suffer if Defendants are allowed to continue their fraudulent recruiting tactics. (Opp'n at 9.) Plaintiffs further argue that Defendants have engaged in a campaign of delay and they will be prejudiced by further delay. (*Id.* at 9.)

In their reply, Defendants point out that they have offered to proceed with arbitration of the public injunctive relief claims, which they believe forecloses Plaintiffs' argument that they cannot vindicate their statutory rights because memories will fade and evidence will become stale. (Reply at 9.)

As an initial matter, the Court rejects Defendants' offer to arbitrate the public injunctive relief claims as a means of lessening prejudice. This argument misses the point of the underlying dispute. The Court's order did not compel arbitration as to these claims and Defendants may not circumvent that order by informally offering arbitration to Plaintiffs.

Because Plaintiffs and the putative class of individuals they seek to represent are *current* and *former* students of Defendants, their interests are not implicated in the public injunctive relief claims, which seek to protect the public from Defendants' future fraudulent marketing and recruiting practices. These claims, by definition, seek to protect *future* students. With this distinction in mind, the Court finds that the named Plaintiffs and the putative class will not be injured if the public injunctive relief claims are stayed. Accordingly, this factor favors granting a stay pending appeal.

### D.     The Public Interest

Defendants argue that a stay favors the public interest given the strong public policy favoring arbitration under the FAA. (Mot. at 7.) Defendants also argue that a stay promotes judicial efficiency and economy. (*Id.* at 8.)

Plaintiffs oppose on the grounds that a delay in seeking an injunction against Defendants will result in injury to the public. (Opp'n at 10.) Plaintiffs maintain that a stay will allow Defendants to prolong their illegal scheme and continue to siphon hundreds of millions of dollars from the federal treasury each year. Plaintiffs also argue that rulings on discovery do not run the risk of inconsistent rulings on the merits of Plaintiffs' claims. (*Id.*)

Although the Court is mindful of the federal policy favoring arbitration, the Court finds that this policy can coexist with California's public policy interests of preventing unfair business practices and false advertising, and promoting consumer protection. Just because a strong federal policy exists favoring arbitration does not mean that all claims must be compelled to arbitration. Each claim must be analyzed on an individual basis. Allowing the blanket federal policy to force a stay pending appeal whenever arbitrability is at issue would force the four-factor *Hilton* test to collapse into a single factor that would always favor staying proceedings pending appeal in the hope they would be sent to arbitration. The Court takes seriously Plaintiffs' public injunctive relief claims and because the

Court sees no inherent conflict between the FAA's broad policy of favoring arbitration, and the public interests implicated by the allegations of this case, especially the interest of United States taxpayers and protecting vulnerable individuals such as low-income families and military personnel, the Court concludes that this factor favors denying a stay pending appeal.

Defendants' argument that recognition of the public interest underlying Plaintiffs' claims would assume the validity of those claims fails because in making the argument that the public interest always favors arbitration, Defendants essentially ask the Court to stay the case based on the countervailing assumption of the validity of their own appeal.  In weighing the four-factors set forth by the Supreme Court in *Hilton*, the Court does not assume the validity of either party's position.  Instead, the Court carefully balances the equities of the case and exercises its discretion in determining whether to grant a stay.

### E.     Balancing of Factors

As discussed under the first *Hilton* factor, Defendants fail to make any arguments in support of the likelihood of success on the merits, which the Court strongly considers in balancing the factors.  While Defendant has shown that serious monetary harm may occur if the Ninth Circuit compels the public injunctive relief claims to arbitration after time and money have already been expended before this Court, the Court finds that the lack of showing of likelihood of success on the mentis, coupled with the public interests of promoting consumer protection and stemming fraudulent business practices, favors denying the requested stay.  While the named Plaintiffs and putative class would not likely be harmed by a stay because the claims at issue aim to protect future students, the public interest in this case outweighs the lack of harm to the individual and/or putative Plaintiffs.

### IV.     Conclusion

For the foregoing reasons, Defendants' motions to stay proceedings pending appeal is DENIED.  **Defendants are ordered to file their answer to the non-stayed claims within twenty (20) days of this order.**

The Clerk shall serve this minute order on all parties to the action.