| | |
|---|---|
| FELICIA YU (SBN 193316)<br>RAAGINI SHAH (SBN 268022)<br>REED SMITH LLP<br>355 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone:   (213) 457-8015<br>Facsimile:    (213) 457-8080<br>E-mail: fyu@reedsmith.com | |
| KEVIN P. JACOBS (*pro hac vice*)<br>HERRON JACOBS ORTIZ<br>1401 Brickell Avenue, Suite 840<br>Miami, Florida  33131<br>Telephone:  (305) 779-8108<br>Facsimile:   (305) 779-8104<br>E-mail:  kjacobs@hjo-law.com | PETER W. HOMER (*pro hac vice*)<br>HOMER BONNER, P.A.<br>1441 Brickell Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone:  (305) 350-5139<br>Facsimile:   (305) 372-1443<br>E-mail:  phomer@homerbonner.com |

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERGUSON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>          vs.<br><br>CORINTHIAN COLLEGES, INC., CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST UNIVERSITY, CORINTHIAN COLLEGES, INC., d/b/a EVEREST INSTITUTE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE OF BUSINESS, TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, LLC, and HEALD CAPITAL, LLC,<br><br>                    Defendants. | Case No. SACV 11-00127 DOC (AJWx)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT**<br><br><br><br>**The Honorable David O. Carter** |
| SANDRA L. MUÑIZ, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>          vs.<br><br>CORINTHIAN COLLEGES, INC., CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST UNIVERSITY, CORINTHIAN | Case No. SACV 11-00259 DOC (AJWx) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COLLEGES, INC., d/b/a EVEREST INSTITUTE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE OF BUSINESS, TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, LLC, and HEALD CAPITAL, LLC,

Defendants.

Defendants Corinthian Colleges, Inc.; Corinthian Colleges, Inc., d/b/a Everest College; Corinthian Colleges, Inc., d/b/a Everest University; Corinthian Colleges, Inc., d/b/a Everest Institute; Corinthian Colleges, Inc., d/b/a Everest College of Business, Technology and Health Care; Heald College, LLC; and Heald Capital, LLC (collectively, "the School"), in compliance with the district court's January 5, 2012 Order (Dkt. 65), submit this Answer and Affirmative Defenses to the Complaint as it relates to public injunction allegations, filed by Plaintiff Kevin Ferguson ("Plaintiff").[1] Any allegations set forth in Plaintiff's Complaint not specifically admitted herein in hereby denied.

## ANSWER

1. Denied as to this paragraph and all subparts therein.

2. The School admits Corinthian Colleges, Inc. ("Corinthian") is a for-profit higher education company founded in 1995 with its headquarters in Santa Ana, California; that Corinthian owns and operates a number of academic institutions, including Everest entities and Heald Capital, LLC; that Corinthian offers online degree programs through Everest University Online; that Corinthian owns and operates WyoTech, which is not the subject of this complaint; and that the School had more than 113,800 students enrolled as of September 30, 2010; the School denies the

---

[1] The School files this pleading solely to comply with the Court's January 5, 2012 Order, and specifically without waiver of its current appeal of the Court's Order denying the School's motion to compel arbitration of the public injunction claims, *Corinthian Colleges, Inc., et al. v. Ferguson, at al.*, Case No. 11-56965 (9th Cir.), or the School's Ninth Circuit motion to stay this action pending appeal.

1 remainder of the allegations of this paragraph.

2   3.   The School admits that the United States Government Accountability Office issued a report on August 4, 2010 that purported to discuss the business practices of several for-profit college; that the report speaks for itself; that Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010; and that the excerpted text of that speech speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the excerpted text.

  4.   Denied as to this paragraph and all subparts therein.

  5.   Denied.

  6.   Denied

  7.   Denied.

  8.   The School admits Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010, and that the text of that speech as excerpted in the paragraph speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the excerpted text.

  9.   Denied.

  10.  Denied.

  11.  Denied as to this paragraph and all subparts therein.

  12.  Denied.

  13.  The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

  14.  The requirements of Title IV speak for themselves and are issues of law; the School's third quarter Form 10-Q report from 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

  15.  Denied.

  16.  The School admits that the Department of Education issued a program

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

review report in April 2010 concerning Corinthian; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations of the report and the allegations concerning "Confidential Witness 1."

17. The School is without sufficient knowledge to form a belief as to the estimates of an unidentified "independent analysis"; the School's third quarter Form 10-Q report from 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

18. The requirements of Title IV speak for themselves and are issues of law; the interpretation of federal bankruptcy provisions is an issue of law; the School denies the remainder of the allegations of this paragraph.

19. Denied.

20. Denied.

21. The School admits Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010; the text of that speech speaks for itself; the School denies the remainder of the allegations of this paragraph and all subparts, including, but not limited to, the allegations contained in the excerpted text.

22. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

23. The School admits that the Department of Education issued a program review report in April 2010 concerning Corinthian that speaks for itself; the School's third quarter Form 10-Q report from 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations contained in the excerpted quote from the DOE report.

24. Denied.

25. The HLC order to show cause speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations in the order.

26. Denied.

27. The School admits that Corinthian Colleges, Inc. is headquartered in

Santa Ana, California; the School denies the remainder of the allegations of this paragraph.

28. The School admits that Plaintiff is a graduate of the Medical Assistant program at Everest Institute Kendall and that he was enrolled from 2009 through 2010; the School denies the remainder of the allegations of this paragraph.

29. The School admits Corinthian Colleges, Inc. is a for-profit higher education company founded in 1995 as a California corporation with its headquarters at 6 Hutton Center Dr., Suite 400, Santa Ana, CA 92702; that Corinthian operates various colleges across the United States and Canada; and that it had its initial public offering on February 5, 1999; the School denies the remainder of the allegations of this paragraph.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted

34. The School admits that Heald College, LLC was founded in San Francisco, California in 1863; that Heald College, LLC operates campuses in California, Oregon, and Hawaii; and that Heald College, LLC offers associate's degrees and certifications; the School denies the remainder of the allegations of this paragraph.

35. Admitted.

36. The School admits that Jack D. Massimino is the Chief Executive Office of Corinthian Colleges, Inc.; that he served as Chief Executive Officer from November 2004 until July 2009, when he was named Executive Chairman of the Board; that he resigned as Chief Executive Officer in July 2009 and was reappointed as Chief Executive Officer in November 2010. The School denies the remainder of the allegations of this paragraph.

37. Admitted.

1  38. Admitted.
2  39. Admitted.
3  40. Admitted.
4  41. Admitted.
5  42. Admitted.
6  43. Admitted.
7  44. Denied.
8  45. The School admits that, as of September 30, 2010, 113,818 students were enrolled; the School denies the remainder of the allegations of this paragraph.
10 46. Denied as to this paragraph and all subparts therein.
11 47. Denied as to this paragraph and all subparts therein.
12 48. Denied.
13 49. Denied as to this paragraph and all subparts therein.
14 50. The School is without knowledge sufficient to form a belief as to the allegations of this paragraph.
16 51. Denied.
17 52. Denied.
18 53. Denied.
19 54. Denied.
20 55. Admitted.
21 56. The School admits that, as of September 30, 2010, 113,818 students were enrolled; the School denies the remainder of the allegations of this paragraph.
23 57. Denied.
24 58. Denied.
25 59. Denied.
26 60. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.
28 61. Denied.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

62. Denied.

63. The School admits that the Department of Education issued a program review report in April 2010 concerning Corinthian that speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations contained in the excerpted quote.

64. Denied.

65. Denied.

66. The School's 2010 Annual Report speaks for itself; the School admits that the United States Department of Veterans Affairs (the "VA") is subject to the requirements of 38 U.S.C. § 3313(c)(1)(A) and that the VA publishes a rate table; the School denies the remainder of the allegations of this paragraph.

67. Denied as to this paragraph and all subparts therein.

68. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

69. Denied.

70. The School admits Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010; the text of that speech speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations of the speech.

71. The School's third quarter Form 10-Q report for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

72. The HLC November 4, 2010 Order to Show Cause speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations of the order.

73. Denied.

74. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

75. Denied.

76. Denied.

77. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

78. Denied.

79. Denied.

80. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied as to this paragraph and all subparts therein.

89. Denied.

90. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

91. Denied.

92. Denied.

93. Denied.

94. The website and the webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

95. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

96. Denied.

97. The School admits that Plaintiff is a graduate of the Medical Assistant program at Everest Institute Kendall Campus; that the Medical Assistant program has

a duration of less than one calendar year; and that, upon information and belief, Plaintiff attended all classes and made the Dean's and President's Lists each term enrolled; the School denies the remainder of the allegations of this paragraph.

98. Denied.

99. Denied.

100. The School's third quarter Form 10-Q for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

101. The School's third quarter Form 10-Q for 2010 speaks for itself; the School admits Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010; the text of that speech speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the excerpted text.

102. Denied as to this paragraph and all subparts therein.

103. Denied.

104. Denied.

105. The School admits that the Department of Education issued a program review report in April 2010 concerning Corinthian that speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations contained in the excerpted quote from the report.

106. The School admits that the Department of Education issued a program review report in April 2010 concerning Corinthian that speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations contained in the excerpted quote from the report.

107. The School's third quarter Form 10-Q for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

108. The School's third quarter Form 10-Q for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

109. Denied.

110. Denied.

111. Denied.

112. The School's third quarter Form 10-Q for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

113. The School is without sufficient knowledge to form a belief as to the estimates of an unidentified "independent analysis"; the School denies the remainder of the allegations of this paragraph.

114. Denied.

115. Denied.

116. Denied.

117. The School admits Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010, and that the text of that speech as excerpted in the paragraph speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the excerpt.

118. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

119. Denied.

120. The School admits that Bloomberg News published an article entitled "For-Profit Colleges Scam Military for $521 Million, Report Says" on December 9, 2010 and that article speaks for itself; The School is without knowledge sufficient to form a belief as to the allegations of this paragraph concerning the practices of other for-profit colleges; the School denies the remainder of the allegations of this paragraph, including the allegations of the article interpreted to be directed at the School.

121. The School admits that Bloomberg News published an article entitled "For-Profit Colleges Scam Military for $521 Million, Report Says" on December 9, 2010 and that article speaks for itself; The School is without knowledge sufficient to

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

form a belief as to the allegations of this paragraph concerning the practices of other for-profit colleges; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the quoted excerpt of the article.

122. The School admits that Bloomberg News published an article entitled "For-Profit Colleges Scam Military for $521 Million, Report Says" on December 9, 2010 and that article speaks for itself; The School is without knowledge sufficient to form a belief as to the allegations of this paragraph concerning the practices of other for-profit colleges; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the quoted excerpt of the article.

123. The website and the webpages discussed speak for themselves; the requirements of the Post-9/11 GI Bill speak for themselves and are issues of law; the School admits that the United States Department of Veterans Affairs (the "VA") is subject to the requirements of 38 U.S.C. § 3313(c)(1)(A) and that the VA publishes a rate table; the School denies the remainder of the allegations of this paragraph.

124. The requirements of the Post-9/11 GI Bill speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

125. The School admits that Bloomberg News published an article entitled "For-Profit Colleges Scam Military for $521 Million, Report Says" on December 9, 2010 and that article speaks for itself; the School denies the remainder of the allegations of this paragraph, including the allegations of the article interpreted to be directed at the School.

126. Denied as to this paragraph and all subparts therein.

127. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

128. The School admits the GAO conducted an investigation in 2009 with respect to career education schools and denies the remainder of the allegation of this

paragraph and all subparts therein.

129. The School's third quarter Form 10-Q for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

130. The School admits the GAO conducted an investigation in 2009 with respect to career education schools and denies the remainder of the allegation of this paragraph.

131. The School admits the GAO conducted an investigation in 2009 with respect to career education schools; the School is without knowledge sufficient to form a belief as to the allegations of this paragraph concerning the practices of other for-profit colleges; the School denies the remainder of the allegation of this paragraph.

132. Denied.

133. Denied.

## Alleged First Claim for Relief –
## Alleged Breach of Implied Contract

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 134 through 141 of the Complaint pertaining to Plaintiff's putative claim for alleged breach of implied contract, as this claim has been compelled to individual arbitration.

## Alleged Second Claim for Relief –
## Alleged Breach of the Implied Covenant of Good Faith and Fair Dealing

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 142 through 146 of the Complaint pertaining to Plaintiff's putative claim for alleged breach of the implied covenant of good faith and fair dealing, as this claim has been compelled to individual arbitration.

## Alleged Third Claim for Relief –
## Alleged Violation of Bus. & Prof. Code § 17200 *et seq.*

147. The School incorporates its responses in paragraphs 1 through 133 of the Complaint as if fully set forth herein, as well as the unnumbered response to

paragraphs 134 through 146 of the Complaint and the unnumbered response to paragraphs 167 through 181 of the Complaint.  Plaintiff has incorporated every supposed preceding count into this alleged paragraph and count, including counts compelled to individual arbitration, thus making this an improper "shotgun" pleading subject to striking and/or dismissal. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

148.   California's Unfair Trade Practices Act, California Business & Professions Code § 17200, *et seq.*, speaks for itself and its definitions are an issue of law; the School denies the remainder of the allegations of this paragraph.

149.   Denied.

150.   Denied.

151.   Denied

152.   The California Private Postsecondary Education Act of 2009 speaks for itself and its requirements are issues of law; the School denies the remainder of the allegations of this paragraph, including all subparts therein.

153.   Denied.

154.   Denied.

## Alleged Fourth Claim for Relief –
## Alleged Violation of Bus. & Prof. Code § 17500 *et seq.*

155.   The School incorporates its responses in paragraphs 1 through 133 of the Complaint as if fully set forth herein, as well as the unnumbered response to paragraphs 134 through 146 of the Complaint and the unnumbered response to paragraphs 167 through 181 of the Complaint.  Plaintiff has incorporated every supposed preceding count into this alleged paragraph and count, including counts compelled to individual arbitration, thus making this an improper "shotgun" pleading subject to striking and/or dismissal. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

156.   The False Advertising Act, California & Professions Code § 17500, *et*

*seq.*, speaks for itself and its requirements are an issue of law; the School denies the remainder of the allegations of this paragraph.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

## Alleged Fifth Claim for Relief –
## Alleged Violation of the Consumer Legal Remedies Act

161. The School incorporates its responses in paragraphs 1 through 133 of the Complaint as if fully set forth herein, as well as the unnumbered response to paragraphs 134 through 146 of the Complaint and the unnumbered response to paragraphs 167 through 181 of the Complaint. Plaintiff has incorporated every supposed preceding count into this alleged paragraph and count, including counts compelled to individual arbitration, thus making this an improper "shotgun" pleading subject to striking and/or dismissal. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

162. Denied.

163. The Consumer Legal Remedies Act speaks for itself and its requirements are a matter of law; the School denies the reminder of the allegations of this paragraph.

164. Denied.

165. Denied.

166. Denied.

## Alleged Sixth Claim for Relief –
## Alleged Negligent Misrepresentation

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 167 through 170 of the Complaint pertaining to Plaintiff's putative claim for alleged negligent misrepresentation, as this claim has been

compelled to individual arbitration.

### Alleged Seventh Claim for Relief –
### Alleged Fraud

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 171 through 181 of the Complaint pertaining to Plaintiff's putative claim for alleged fraud, as this claim has been compelled to individual arbitration.

The School denies that Plaintiff is entitled to any of the damages or relief sought by the Complaint and/or requested in Plaintiff's "Prayer for Relief," including, but not limited to, Plaintiff's request for supposed preliminary and permanent injunctive relief (including any purported injunctive relief on behalf of the public), any purported declaratory relief, supposed restitution, alleged disgorgement, purported punitive damages, and the alleged costs of this action, including expert fees and attorney's fees.

The School denies that Plaintiff is entitled to a jury trial.

### **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's alleged claims are subject to individual arbitration pursuant to Plaintiff's enrollment agreements with the School. *See* 9 U.S.C. § 1, *et seq.* The question of the enforceability of the arbitration agreements to purported claims for public injunctive relief is currently the subject of an appeal styled *Kevin Ferguson, et al. v. Corinthian Colleges, Inc., et al.*; Case No. 11-56965 (9th Cir.).

2. Plaintiff's alleged claims fail or are barred, in whole or in part, because venue is improper in this Court as the parties have an enforceable arbitration agreement to arbitrate all disputes, including but not limited to the purported claims for public injunctive relief. The question of the enforceability of the arbitration agreement to such claims is currently the subject of an appeal styled *Kevin Ferguson, et al. v. Corinthian Colleges, Inc., et al.*; Case No. 11-56965 (9th Cir.).

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

3. Plaintiff cannot state a supposed class action claim because Plaintiff entered into enforceable arbitration agreements that do not permit a class action, and all relevant claims are subject to individual arbitration. *See Stolt-Nielsen S.A. v. AnimalFeeds, Int'l Corp.*, 559 U.S. __, 130 S. Ct. 1758 (2010).

4. The Complaint and all supposed claims for relief are improperly pled and should be stricken pursuant to Rule 8, Fed.R.Civ.P. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

5. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff has failed to state a valid claim for a purported public injunction upon which relief can be granted, and is not entitled to recover for any of the alleged damages, losses, or injury (if any) asserted.

6. Plaintiff's alleged claims fail or are barred, in whole or in part, because venue is improper in this Court pursuant to 28 U.S.C. § 1404, as stated in the School's previously filed motion to transfer venue and related filings, D.E. 13, 14, 15, and 16 (*Muniz v. Corinthian Colleges, Inc., et al*; Case No. 8:11-cv-00259-DOC-AJW); and D.E. 10, 11, 12, 13, 16, 29, 30, 31, and 32 (*Ferguson v. Corinthian Colleges, Inc., et al.*; Case No. 8:11-cv-00127-DOC-AJW).

7. Plaintiff's alleged claims fail or are barred, in whole or in part, because his action was improperly consolidated with claims of another student of the School, in violation of Plaintiff's enrollment agreements with the School.

8. Plaintiff's alleged claims fail or are barred, in whole or in part, because this action was improperly consolidated with the case styled *Muniz v. Corinthian Colleges, Inc., et al*; Case No. 8:11-cv-00259-DOC-AJW, as stated in the School's previously filed opposition to consolidation and related filings, D.E. 24, 25, 26, and 17 (*Ferguson v. Corinthian Colleges, Inc., et al.*; Case No. 8:11-cv-00127-DOC-AJW).

9. Plaintiff's alleged claims for "public injunctive relief" against the School fail or are barred, in whole or in part, because Plaintiff lacks standing to bring them.

10. Plaintiff's alleged claims fail or are barred, in whole or in part, because

Plaintiff's claims are moot.

11. Plaintiff's alleged statutory claims fail or are barred, in whole or in part, because Plaintiff has suffered no injury from the School's alleged violations and/or is not within the class of persons sought to be protected by the relevant statutes.

12. Plaintiff's alleged claims fail or are barred, in whole or in part, because the School acted at all times in good faith and without the requisite culpability with respect to the alleged violations asserted in the Complaint.

13. Plaintiff's alleged claims fail or are barred, in whole or in part, because the public interest weighs against the imposition of Plaintiff's request relief against the School.

14. Plaintiff's alleged claims fail or are barred, in whole or in part, because neither Plaintiff nor any member of the general public reasonably and/or justifiably relied on the alleged acts or omissions set forth in the Complaint.

15. This Court lacks subject matter jurisdiction over the Complaint under 28 U.S.C. § 1332.

16. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff did not suffer any injury or damages by reason of the alleged acts or omissions set forth in the Complaint

17. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff did not exercise due care and failed to act reasonably to protect himself from, or to mitigate, any damages he allegedly may have sustained by reason of the alleged acts or omissions set forth in the Complaint

18. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's own conduct constitutes a failure to mitigate the supposed damages he allegedly suffered, and he supposed damages are otherwise speculative, not cognizable and not recoverable.

19. Plaintiff's alleged statutory claims fail or are barred, in whole or in part, because the School is exempt from Claimant's putative statutory claims.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

20. Plaintiff's alleged claims fail or are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, in pari delicto, and laches.

21. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's purported claims are time-barred by the applicable statute of limitations.

22. Plaintiff has not established a basis for and is not entitled to recover attorneys' fees, investigative costs, or expert witness expenses, either pursuant to any contract or by statute.

23. As a matter of law and fact, Plaintiff has no claim for, or entitlement to, punitive damages, including in connection with his supposed claim for public injunctive relief, and Plaintiff is precluded from recovering punitive damages in this proceeding

24. Plaintiff's purported claims fail or are barred, in whole or in part, because the supposed allegations of misrepresentation are inconsistent with, and contrary to, plain written disclosures provided to Plaintiff and the terms of his enrollment agreements with the School.

25. Plaintiff's alleged claims fail or are barred, in whole or in part, or the damages (if any) allegedly sustained by Plaintiff are reduced by, his contributory and/or comparative fault or that of a third party.

26. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff committed an anticipatory breach of his enrollment agreements with the School.

27. Plaintiff's alleged claims fail or are barred, in whole or in part, because the School's alleged statements were mere inactionable "puffing" or opinion.

28. Plaintiff's alleged claims fail or are barred, in whole or in part, because any such violation committed by the School was not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and the School made appropriate corrections or remedies in accordance with applicable statutes.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

29. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff has not properly pled (nor can Plaintiff plead) any claims for injunctive relief.

30. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff failed to comply with the applicable pre-suit requirements for bringing Plaintiff's putative claims.

31. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff is not entitled to seek injunctive relief under any California statute on a supposed nationwide basis.

32. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff—a Florida resident who attended a Florida campus of the School—has no standing or entitlement to avail himself of California law on behalf of supposed members of the public residing in California.

33. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's requested relief is preempted by state and/or federal law, including the Supremacy Clause.

34. Plaintiff's alleged claims fail or are barred, in whole or in part, under the dormant commerce clause and the due process clauses of the 5th and 14th Amendments.

35. The School expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

36. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff entered into a valid accord and satisfaction concerning Plaintiff's alleged claims for relief.

37. Plaintiff's alleged claims fail or are barred, in whole or in part, because of the voluntary payment doctrine.

38. Plaintiff's alleged claims fail or are barred, in whole or in part, because the School is entitled to a set off, abatement, and/or recoupment of any and all

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT

amounts Plaintiff claims he is owed.

39. Additional facts may be revealed by future discovery that support additional affirmative defenses presently available to, but unknown to, the School. Therefore, the School reserves the right to assert additional defenses in the event that discovery and investigation indicate that additional defenses would be appropriate.

DATED: January 25, 2012.

> REED SMITH LLP
>
> By  */s/ Felicia Yu*
>      Felicia Yu
>      Attorneys for Defendants

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FERGUSON'S COMPLAINT